JOSEPH BERGER, as Administrator, etc., of SAMUEL BERGER, Deceased, Plaintiff, v. CITY OF NEW YORK, CATHERINE WALSH and JOSEPH PATRICK KENT, Defendants.

Supreme Court, Trial Term, Kings County, December 15, 1939.

*Joseph Gans* [*Robert Jablon* of counsel], for the plaintiff.

*William C. Chanler, Corporation Counsel* [*A. E. Callahan* of counsel], for the defendant City of New York.

*Lawrence J. McGoldrick* for the defendant Joseph Patrick Kent (did not appear).

FENNELLY, J. In this case the jury disagreed. There remains before me the motion by defendant City of New York to dismiss the plaintiff's complaint, made at the end of its case, on which decision was reserved.

Construing plaintiff's testimony, as it must be, in the most favorable light, the defendant Kent commandeered a private automobile in the pursuit of the alleged violators of the law, in the discharge of his duties as a police officer.

Section 282-g of the Highway Law, enacted in 1929 (now General Municipal Law, section 50-a), made the city liable for the negligence of a police officer operating a municipally-owned vehicle in the discharge of a statutory duty. This accident, which resulted in death, occurred on August 23, 1931.

It is the plaintiff's contention that when the automobile involved in this action was commandeered by the policeman to pursue suspected criminals, during the pursuit it belonged to the city just as much as if the city had legal title to it. I do not think the court has the right to read such a meaning into the statute. " If a statute creates a liability where otherwise none would exist, or increases a common-law liability, it will be strictly construed. A statute, even when it is remedial, must be followed with strictness, where it gives a remedy against a party who would not otherwise be liable. The courts will not extend or enlarge the liability by construction; they will not go beyond the clearly expressed provisions of the act." (Sutherland, Statutory Construction, § 371; *Leppard* v. *O'Brien,* 225 App. Div. 162, 164; affd., 252 N. Y. 563.)

The Legislature has since, by chapter 323 of the Laws of 1936, further extended the rule of liability by enacting section 50-c of the General Municipal Law so that it requires the municipality to save harmless a policeman or fireman for " the negligence of such appointee in the operation *of a vehicle* upon the public streets or highways of the municipality in the discharge of a statutory duty imposed upon such appointee or municipality, provided the appointee at the time of the accident, injury or damages complained of, was acting in the performance of his duties and within the scope of his employment." This of course is not retroactive.

The defendant's motion to dismiss the complaint made at the end of the plaintiff's case is granted.