Anthony M. Livoti, J.
Application pursuant to section 618 of the Insurance Law for leave to institute an action against the Motor Vehicle Accident Indemnification Corporation.
The facts crucial to the determination of this application are contained in the first paragraph of the petition and are as follows: ‘1 That on the 28th day of October, 1959 your petitioner was walking on the sidewalk on Maham Avenue near Eoberts Avenue, Bronx, New York. A 1959 Chevrolet was parked at the curb and as your petitioner was walking past this car, a 1959 Ford struck the Chevrolet, pushing it onto the sidewalk and striking your petitioner. The Ford which had caused this accident kept going and the name of the driver was not obtained. It was ascertained by the investigation of the New York City Police Department that the owner of this 1959 Ford was one Catherine Lanza and that her vehicle was stolen and was being operated without her knowledge or consent.”
The applicant has in all respects complied with the provisions of the applicable subdivision (b) of section 608 of the Insurance Law, which section deals with the “ Notice of intention to file nlaim ”, In order to grant this application, however, the court must be satisfied, among other things, that ‘£ the applicant has a cause of action against the operator or owner of such motor vehicle or against the operator who was operating the motor vehicle without the consent of the owner of the motor vehicle ” (Insurance Law, § 618, subd. [4]). Section 618, which provides the “ Procedure for £ hit and run ’ cases ”, is immediately preceded by section 617, which provides for ££ £ Hit and run ’ causes of action ”. This being a ££ hit and run ” case, it is to section 617 that we must turn in order to ascertain whether the applicant “has a cause of action ”, as required by subdivision (4) of section 618 quoted above.
Section 617 provides as follows: “ The protection provided by this article shall not apply to any cause of action by an *422 insured or qualified person arising out of a motor vehicle accident occurring in this state lying against a person or persons whose identity is unascertainable, unless the bodily injury to the insured or qualified person arose out of physical contact of the motor vehicle causing such bodily injury with the insured or qualified person or with a motor vehicle which the insured or qualified person was occupying at the time of the accident. The word ‘ occupying ’ means in or upon or entering into or alighting from.” That statute in unambiguous language requires physical contact between the very vehicle causing the bodily injury and the insured or qualified person or a motor vehicle which he was then occupying. ‘ It is of course true that the literal language of a statute is not always controlling in the interpretation thereof, but this is a principle to be adopted with extreme caution and only where the plain intent and purpose of a statute would otherwise be defeated ” (Bright Homes v. Wright, 8 N Y 2d 157, 161-162).
The declared legislative purpose for enacting the Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, art. 17-A), was to close existing gaps in the motor vehicle financial security act so that innocent victims of motor vehicle accidents caused by seven classes of vehicles, among which are ‘ ‘ (4) stolen motor vehicles ’ ’, could be recompensed for ‘ ‘ the injury and financial loss inflicted upon them ” (Insurance Law, § 600, subd. [2]). At the same time, however, the Legislature in section 617 specifically prescribed the circumstances under which a “ hit and run ” cause of action was to receive “ The protection provided by this article ”. It may be that the Legislature intended to afford the protection of the article to persons, such as the applicant here, who sustain bodily injury arising out of physical contact not with ‘1 the motor vehicle causing such bodily injury” but with a motor vehicle or other agency contacted and set in motion by the motor vehicle causing such bodily injury. To construe the statute as manifesting such intention, however, would seem to be to legislate, not to interpret, and “ Courts are not supposed to legislate under the guise of interpretation, and in the long run it is better to adhere closely to this principle and leave it to the Legislature to correct evils if any exist ” (Bright Homes v. Wright, supra, p. 162).
To construe section 617 as affording the protection of article 17-A of the Insurance Law to the cause of action asserted by the applicant here would also require a like result with respect to many other causes of action where it could reasonably be said that the bodily injury arose out of physical contact not with but proximately caused by a “ hit and run ” vehicle. But *423 if the Legislature had intended to afford such protection, it would seem to have been a fairly simple matter to manifest such intention. Instead, however, the Legislature in plain language withheld the protection provided by article 17-A from any cause of action unless the bodily injury arose out of physical contact between the injured person (or a motor vehicle he was then occupying) and the “ hit and run ” vehicle itself. There was no such contact here. Accordingly, the application is denied.