Louis B. Heller, J.
This is a petition for an order permitting the petitioner to bring an action against the Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as MVAIG) under subdivision (a) of section 618 of the Insurance Law.
The facts are briefly summarized. Petitioner, a blind person, had been knocked down by an automobile when crossing a Brooklyn street intersection. While lying on the ground she was again injured when another vehicle, allegedly a “ hit and run ” auto, collided with the first vehicle and caused the latter to strike the injured person a second time.
Police were called to the scene of the accident. In addition to the owner-operator of the first vehicle, there were allegedly two other witnesses to the ‘ ‘ hit and run ’ ’ accident. But apparently the meager information, consisting of the vehicle’s trade name and a New York registration number, did not lead to an identification of either the owner or the operator thereof. The police officer, in his filed “ aided ” cards (one of them concerned *386 the petitioner’s husband who had also been struck by the first vehicle) makes no reference to any facts pertaining to the second, the alleged ‘‘ hit and run, ’ ’ accident.
In opposition to the application respondent argues that petitioner has failed to comply with the condition precedent specified in subdivision (b) of section 608 of the Insurance Law requiring prompt notification to the police of the occurrence of a ‘ ‘ hit and run ’ ’ accident. That section of the law refers to a £< motor vehicle accident (1) occurring within this state and (2) reported within twenty-four hours after the occurrence thereof to a police * * * officer in the vicinity ”.
The court’s power herein is limited as defined by statute (Insurance Law, § 618, subd. [a]). The court “may make an order permitting the applicant to bring such an action against the corporation when the court is satisfied, upon hearing of the application, that: (1) the applicant has complied with the requirements of section six hundred eight of this article ”. (Insurance Law, § 618, subd. [a]; emphasis supplied.) Notification of the police pursuant to the provision of subdivision (b) of section 608 is a condition precedent to the right thereafter to apply for payment from the MYAIC. (Matter of Bonavisa v. Motor Vehicle Acc. Ind. Corp., 21 Misc 2d 963.)
The court is unable to make a finding upon the papers submitted that it is satisfied that there has been a compliance with section 608 pertaining to notification of the police as to the occurrence of a “hit and run” accident. No direct evidence of notification to the police of the occurrence of such fact has been submitted. Proof that the police were apprised of an “ accident ” is not equivalent to proof that police were notified of the “ hit and run ” accident. However, because of the court’s disposition of this application upon the other ground urged by respondent, a determination of the issue of police notification is not here necessary.
Unfortunate as the result may seem, the absence of physical contact between the injured person and the “hit and run” vehicle is fatal to the petitioner’s application. (Matter of Bellavia v. Motor Vehicle Acc. Ind. Corp., 28 Misc 2d 420.) Regardless of what may justly be said in favor of a legislative enlargement of the injured’s rights, the Legislature has by its circumscribing language specifically qualified the claimant’s right to situations where physical contact has taken place (Insurance Law, § 617). Under the caption “‘Hit and run’ causes of action”, the statute reads: “ The protection provided by this article shall not apply to any cause of action by an insured or qualified person arising out of a motor vehicle accident occurring *387 in this state lying against a person or persons whose identity is unascertainable, unless the bodily injury to the insured or qualified person arose out of physical contact of the motor vehicle causing such bodily injury with the insured or qualified person ”. (Insurance Law, § 617; emphasis supplied.)
It is the court’s view that a statute which creates a cause of action, in this case against the MYAIC, where none existed prior thereto, must be strictly construed. (Berger v. City of New York, 173 Misc. 1070, affd. 260 App. Div. 402, affd. 285 N. Y. 723; Leppard v. O’Brien, 225 App. Div. 162, affd. 252 N. Y. 563.) Admittedly, it has not been shown that the bodily injury “ arose out of physical contact of the motor vehicle causing such bodily injury with the” petitioner (Insurance Law, § 617; emphasis supplied). The legislative standard includes not only a requirement that the offending vehicle cause the bodily injury but that the injury arise out of physical contact between the same vehicle and the injured party. The statutory limitation to physical contact cases necessarily precludes from consideration those authorities which concern themselves with problems relating to questions of proximate cause. The question of proximate cause is not here involved. The petitioner’s argument in that respect must be directed to the Legislature. As the law has been written, absent a physical contact, there is lacking a right. Motion denied.