Louis B. Heller, J.
Motor Vehicle Accident Indemnification Corporation, hereinafter referred to as MVAIC, moves for a stay of arbitration heretofore demanded by an insured per *53 son under a Mew York Automobile Accident Indemnification Endorsement, hereinafter called the Endorsement. In the alternative, petitioner requests that this application be set down for hearing to determine whether respondent has complied with certain conditions precedent to exercising the right to arbitration.
Specifically, petitioner contends that the injured claimant has failed to show (1) that his injuries arose out of physical contact-occurring between the alleged hit-and-run vehicle and the vehicle being operated by the respondent, and (2) that the hit-and-run accident was reported to the police or other official within 24 hours or as soon thereafter as possible.
The occurrence of physical contact between the hit-and-run vehicle and the vehicle which respondent was operating is a condition precedent to the assertion of an “ insured ” person’s claim to arbitration under the Endorsement (Motor Vehicle Acc. Ind. Corp. v. McKelvey, N. Y. L. J., Sept. 26, 1961, p. 13, col. 7, and cases therein cited). The same result was reached in cases arising under section 617 of the Insurance Law which makes “physical contact” a prerequisite to enforcement of claims by “ qualified persons ” arising out of hit-and-run accidents (Matter of Bellavia v. Motor Vehicle Acc. Ind. Corp., 28 Misc 2d 420; Matter of Portman [Motor Vehicle Acc. Ind. Corp.], 33 Misc 2d 385).
A failure to demonstrate compliance with the Endorsement provision requiring prompt notification, as therein specified, to the police or other official, of the occurrence of a hit-and-run accident, will likewise defeat respondent’s claim (see Matter of Portman [Motor Vehicle Acc. Ind. Corp.], supra; Matter of Bonavisa v. Motor Vehicle Acc. Ind. Corp., 21 Misc 2d 963). In both the foregoing cases the court held, in interpreting similar language contained in subdivision (b) of section 618 of the Insurance Law, that compliance with the provision regarding notification was a condition precedent to liability.
The court finds that factual issues have been raised herein pertaining to the questions of contact and notification. A hearing will he required to determine such issues (Matter of Motor Vehicle Acc. Ind. Corp. v. Brown, 15 A D 2d 578).
Eespondent further argues that, even assuming the merit of petitioner’s contentions, such issues are determinable by the arbitrators rather than by the court. It is true, as cited by the respondent, that the Appellate Division, First Department (Motor Vehicle Acc. Ind. Corp. v. Velez, 14 A D 2d 276, 278) has construed the arbitration clause of the Endorsement to mean that “Legal liability, i.e., the eligibility of the claimant to *54 recover, * * * is arbitrable under the indorsement.” Yet, the Appellate Division of this Department does not adopt such a broad interpretation as to the scope of the arbitration agreement contained in the Endorsement (see Motor Vehicle Acc. Ind. Corp. v. Brown, supra; see, also, Matter of Travelers Ind. Co. [Melcher], N. Y. L. J., March 23, 1962, p. 18, col. 3, and cases therein cited.) Furthermore, the language of a similar arbitration clause has been construed by the Appellate Division in the Third Department as limiting the scope of arbitration “ To the issue of negligence and the resulting question of damages ” (Matter of Phoenix Assur. Co. [Digamus], 9 A D 2d 998).
This application will be held in abeyance pending a determination of the preliminary issues of compliance with the contact and notification clauses of the Endorsement (Matter of Japan Cotton Trading Co. v. Farber, 233 App. Div. 354).
Settle order. Let the order provide for a hearing before an official referee to hear and report, or if the parties so agree, to hear and determine.