Louis B. Heller, J.
In this proceeding to stay arbitration the respondent, an insured injured claimant, seeks an order requiring the Motor Vehicle Accident Indemnification Corporation, hereinafter referred to as M.V.A.I.C., to proceed to arbitration. In effect it is a motion to confirm the report of the Special Referee to whom ‘1 the issue of whether there was physical contact between the vehicles involved in the accident herein” had been referred on consent “to hear and report.” M. V. A. I. C. cross-moves for an order “ setting aside the report or decision of the Special Referee directed in favor of respondent ’ ’ on the ground that the Referee failed to make a finding regarding the occurrence of physical contact between the respondent’s vehicle and the alleged hit-and-run automobile.
A reading of the Special Referee’s decision, found in the minutes of the hearing, makes clear that the Referee was attempting a determination of the question as to “ whether or not there was such ‘ bodily contact ’ as is contemplated by statute ” (referring to Insurance Law, § 617), rather than the very limited issue as to whether physical contact did or did not occur between the afore-mentionea two vehicles.
Respondent’s claim against M. V. A. I. C. is grounded upon the hit-and-run uninsured motor vehicle provision of the New York Automobile Accident Indemnification Endorsement. It is the settled rule that M. V. A. I. C. is entitled to stay a demand for arbitration until “ the issue of whether or not there was physical contact between the two automobiles ” has been determined. by “ a trial pursuant to section 1456 of the Civil. Practice *80 Act.” (Matter of Motor Vehicle Acc. Ind. Corp. [Downey], 11 N Y 2d 995, 996.)
It is the occurrence of physical contact with the uninsured motor vehicle, constituting as it does a condition precedent, which gives rise to respondent’s right under the indorsement to assert a claim against M.Y.A.I. C. (Matter of Motor Vehicle Acc. Ind. Corp. [Comerchero], 34 Misc 2d 52, 53). The occurrence of physical contact between the hit-and-run [uninsured] vehicle and the respondent’s vehicle does not come within the scope of the arbitration agreement contained in the indorsement; when its existence is disputed such issue must be determined by the court and not by the arbitrator (Matter of Rosenbaum [Amer. Sur. Co., N. Y.], 11 N Y 2d 310, 314). The scope of the arbitration, under the terms of the indorsement provision, “ is limited to the issue of negligence and the resulting question of damages.” (Matter of Phoenix Assur. Co. of N. Y. [Digamus], 9 A D 2d 998.)
The motion to confirm is denied. Since the Referee has stated that he would be willing to pass upon the issue of physical contact as herein defined, if requested by the court, the motion to refer the matter back to him is granted.