Thomas A. Aurelio, J.
Motion by respondent, the Motor Vehicle Accident Indemnification Corporation, to stay arbitration of a claim made by claimant for personal injuries caused by an alleged hit-and-run driver. It is claimed that on February 25, 1961, petitioner, while driving his automobile along Hemp-stead Garden Drive, Long Island, was hit from the rear by another car; that the operator of the other car stopped and although he pretended to exchange licenses, he took off and got away. Although a policeman appeared on the scene soon after, to whom the occurrence was reported, respondent contends the accident was not reported to the policeman as a hit-and-run accident. Thereafter, claimant on November 6, 1961, served upon MVAIC a notice dated October 30, 1961, to the effect that he ‘ ‘ intends to conduct arbitration proceedings before the *249 American Arbitration Association ”, pursuant to article 84 of the Civil Practice Act. The notice contained the caveat “ that unless within ten (10) days after service of the within notice, you shall serve a notice of motion to stay such arbitration, you shall thereafter be barred from putting in issue the making of the said contract of insurance or the submission of the claim, or any alleged failure to comply therewith ’ ’, as provided in section 1458 of the Civil Practice Act. This notice was not filed with the American Arbitration Association, nor does it appear it was required to be filed. Fifteen months later, January 25, 1963, claimant served upon respondent, MVAIC, “ Demand for Arbitration” before the American Arbitration Association. This demand does not contain the caveat referred to in section 1458 of the Civil Practice Act, to the effect that notice of motion to stay arbitration must be made within 10 days after the service of the demand or ‘ ‘ thereafter be barred from putting in issue the making of the contract or submission or the failure to comply therewith. ’ ’ The notice of motion to stay arbitration was served April 11, 1963, by mail.
Claimant contends that ‘ ‘ under section 1458 of the Civil Practice Act, the service of the annexed notice (notice to conduct arbitration proceedings, dated October 30, 1961) is a complete barrier to the present application” (Germain answering-affidavit) to stay arbitration proceedings.
Respondent, MVAIC, on the other hand, claims that paragraph 6 of the insurance contract here involved provides for arbitration “ upon written demand ”, and that the notice dated October 30, 1961, of an intention to conduct arbitration proceedings is not the equivalent of the ‘1 written demand ’ ’ required by paragraph 6 of the contract of insurance, and since the demand dated January 25, 1963, does not incorporate the 10 days’ caveat, respondent may move to stay arbitration any time before arbitration takes place, and that the time to so move is not limited to 10 days.
I am of the opinion that the first notice of intention to arbitrate dated October 30, 1961, was abandoned by reason of the long.lapse of time, a period of 15 months (Matter of Finkelstein [Harris], 17 A D 2d 137) before the actual demand for arbitration dated January 25, 1963, was served. Therefore, the caveat regarding the 10 days’ time to move to stay arbitration contained on the first notice served is ineffective and since the actual demand for arbitration does not contain the caveat, respondent is not precluded from moving to stay arbitration pending the determination of the preliminary issue. In Matter of Portman (33 Misc 2d 385, 387), the court said: “ It is the *250 court’s view that a statute which creates a cause of action, in this case against the MVAIC, where none existed prior thereto, must be strictly construed.” (Citing cases.) The same applies here.
Respondent has put in issue the question of whether or not claimant reported the occurrence as a hit-and-run accident to the police within 24 hours, as required by the contract of insurance. This is an issue which must be tried by the court with or without a jury as a preliminary issue of fact (see Matter of Rosenbaum [Amer. Sur. Co. of N. Y.], 11 N Y 2d 310).
Accordingly, motion to stay arbitration is granted pending the determination of the issues involved.