◼ In the Matter of JULES ST. GERMAIN, Appellant, v. MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.— In a special proceeding, brought incident to the pending arbitration of a claim for personal injury against the MVAIC, asserted pursuant to statute (Insurance Law, §§ 167, 600 et seq.), upon the indemnification provision of an automobile liability policy, the claimant appeals from an order of the Supreme Court, Nassau County; dated July 30, 1963, which: (1) denied his motion to vacate MVAIC's notice to examine him as an adverse party; and (2) directed him to appear and be examined pursuant to said notice at a specified time and place. Order modified on the law by striking out the second decretal paragraph directing the claimant to appear for examination at a specified time and place. As so modified, order affirmed, without costs. No questions of fact have been considered. On January 25, 1961 the claimant allegedly sustained personal injuries in an automobile accident caused by a "hit-and-run automobile" within the coverage of the New York Automobile Accident Indemnification Endorsement upon his automobile insurance policy. Following some interim procedures not here material, the claimant made formal demand for arbitration on January 25, 1963. Thereafter; MVAIC made a motion to stay arbitration, which was granted by Mr. Justice AURELIO on May 10, 1963 (*Matter of St. Germain* v. *MVAIC*, 39 Misc 2d 248). From the order entered thereon, the claimant took an appeal to the Appellate Division in the First Judicial Department, but prior to the time set for the

argument thereof, the appeal was discontinued; and on June 10, 1963, MVAIC stipulated to waive the stay and to have the matter proceed to arbitration. On the same day, MVAIC served a notice — captioned "American Arbitration Association, Administrator Accident Claims Arbitration, Tribunal" — to examine the claimant "pursuant to Sections 288 et seq. and section 308 of the Civil Practice Act, and Rule 121 of the Rules of Civil Practice, and conditions of the written contract number 5 99 70 02". The claimant promptly moved at Special Term to vacate the said notice, on the ground that MVAIC had been guilty of laches and now appeals from the denial of that motion. In our opinion the motion was properly denied, although not for the reasons assigned by the Special Term. The Special Term concluded that the MVAIC was not guilty of laches. We do not reach that question, however. The parties should be relegated to their rights and remedies in the arbitration forum. Court action is not justified except where shown to be absolutely necessary for the protection of the rights of a party (*Matter of MVAIC* [*McCabe*], 19 A D 2d 349). Accordingly, while the denial of the motion to vacate the notice to examine was proper, the court should not have directed the claimant to appear and be examined at a specified time and place. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.