Irwin D. Davidson, J.
This motion to stay arbitration is denied. From the' undisputed facts describing the manner in which the accident occurred, it is clear that a hit-and-run vehicle is involved. It is claimed that the hit-and-run vehicle collided with an intervening vehicle and propelled the latter *787 into the rear of the plaintiffs’ vehicle, causing the plaintiffs to sustain injuries; and that, in fleeing from the scene, the hit-and-run vehicle struck plaintiffs’ car, causing damage to it. The hit-and-run vehicle was later found abandoned further down the road, and without license plates. The second contact, that is, the one between the hit-and-run vehicle and plaintiffs’ car is not relied upon as a basis for liability since no personal injuries are claimed to have resulted from that contact. MVAIC disputes liability on the ground that there was no direct physical contact between the hit-and-run vehicle and the plaintiffs’ vehicle, and that hence the plaintiffs are not covered either under the contract of insurance or under the statute (Insurance Law, § 617). The MVAIC relies on Matter of Bellavia v. MVAIC (28 Misc 2d 420) to sustain its position. That ease holds that an essential prerequisite to invoking coverage under the policy provisions, or under the statute (Insurance Law, § 617), is proof by the injured party that there was direct physical contact between the hit-and-run vehicle and the plaintiffs’ vehicle. This court cannot subscribe to the holding in Bellavia. That court construed the word “contact” in too narrow and limited a fashion. Contact may be made either directly or, as here, by the hit-and-run vehicle striking an intervening motor vehicle and propelling it into plaintiffs’ car. But for the fortuitous circumstances of an intervening car being interposed between the hit-and-run vehicle and the plaintiff’s vehicle, the offending car would have collided directly with the plaintiffs’ vehicle. It is reasonable to interpret the word “contact” under these circumstances to include the situation of the hit-and-run vehicle striking an intervening vehicle and propelling it into the plaintiffs’ car. Accordingly, the motion for a stay of arbitration is denied.