[No. 38578. Department Two. March 2, 1967.]

LEONA K. BROILES JOHNSON, *Respondent,* v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, *Appellant.*[*]

[*]Reported in 424 P.2d 648.

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* by *R. L. Gemson,* for appellant.

*Walsh & Webster,* by *Walter E. Webster, Jr.,* for respondent.

DONWORTH, J.—Respondent was injured as the result of an automobile accident which occurred in Seattle November 27, 1963, in which a hit-and-run vehicle struck another vehicle and caused that second vehicle to strike respondent's insured automobile, which she was then occupying.

On April 7, 1965, plaintiff, through her attorneys, made written demand on appellant, State Farm Mutual Automobile Insurance Company, to arbitrate her claim arising out of the uninsured motorist provisions of her policy. State Farm refused, and respondent brought this action.

Each party made a motion for summary judgment in his favor.

On September 1, 1965, the trial court, having heard and considered the argument of counsel for both sides, entered an order denying State Farm's motion for summary judgment and granting respondent's motion for summary judgment. The trial court further ordered State Farm to appoint an arbitrator in accordance with the terms of the policy. State Farm thereupon instituted this appeal.

Respondent's policy provides, on page 4 under the caption "Insuring Agreement III—Uninsured Automobile Coverage, Coverage U," that State Farm will pay:

> [A]ll sums which the insured . . . shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; . . . .

Under the caption on page 5 of the policy, "Definitions—Insuring Agreement III," an uninsured automobile includes a hit-and-run automobile which is defined as:

[A]n automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or owner of such "hit-and-run automobile."

There is no dispute of fact in this case. The sole question raised by appellant's only assignment of error in this court is whether the accident which caused the injury to respondent involved "physical contact" within the meaning of this clause of the insurance policy. Appellant argues that the words "physical contact" as used in the above-quoted definition means *actual* contact.

No decision of this court is cited by either party as bearing directly on this question. Appellant cites a number of New York decisions in support of his point of view, *i.e.* that the term "physical contact" requires actual and immediate contact beween the hit-and-run vehicle and the insured or the vehicle which the insured was occupying at the time of the accident. Those decisions interpret a phrase similar to that in the policy involved in this case, which is contained in the New York Compulsory Uninsured Motorists Protection Act.[1] Respondent cites a California decision interpreting a similar statutory enactment of that state,[2] but holding contrary to the New York courts.

We agree with the result of the latter view. Where an unknown vehicle has struck a second vehicle and caused it to strike the insured vehicle, there is "physical contact" between the unknown vehicle and the insured vehicle within the meaning of the clause quoted above.

---

[1] New York Insurance Code, § 617; *Bellavia v. Motor Vehicle Accident Indemnification Corp.,* 28 Misc.2d 420, 211 N.Y.S.2d 356 (1961); *In re Portman's Petition,* 33 Misc.2d 385, 225 N.Y.S.2d 560 (1962); *In re Tuzzino,* 42 Misc.2d 786, 249 N.Y.S.2d 279 (1964); *Motor Vehicle Accident Indemnification Corp. v. Comerchero,* 34 Misc.2d 52, 227 N.Y.S.2d 285 (1962).

[2] California Insurance Code, § 11580.2; *Inter-Insurance Exchange of the Auto. Club of Southern California v. Lopez,* 238 Cal. App. ·2d 441, 47 Cal. Rptr. 834 (1965).

■ Had appellant intended the provision to apply only where there is actual and immediate, as oppossed to indirect, physical contact between the hit-and-run vehicle and the vehicle of the insured, it should have so provided in unmistakably clear language. Language used in the policy was of appellant's choosing, and any ambiguities therein will be resolved against it. *Wise v. Farden,* 53 Wn.2d 162, 332 P.2d 454 (1958).

> It is the established rule in this state that, where a provision of a policy of insurance is capable of two meanings, or is fairly susceptible of two different constructions, that meaning and construction most favorable to the insured must be applied, even though the insurer may have intended another meaning. *Selective Logging Co. v. General Cas. Co. of America,* 49 Wn.2d 347, 351, 301 P.2d 535 (1956).

There is "physical contact," though indirect, where one object hits a second, impelling it to strike a third object. The physical force of the first is transmitted through the intermediary to the last object.

Such an interpretation is consistent with the purposes of the uninsured motorist provision. A different interpretation would not be.

■ Such provisions are intended to protect the insured against losses occasioned under circumstances where recovery cannot be had against the party causing the injury. Those circumstances are:

(1) where the offending party is uninsured; and

(2) where the identity of the offending party cannot be ascertained.

Loss occurs, and for the same reasons, whether the contact between the hit-and-run automobile and the insured's vehicle be "physical" or "actual."

. In *Inter-Insurance Exchange of the Auto. Club of Southern Cal. v. Lopez,* 238 Cal. App. 2d 441, 47 Cal. Rptr. 834 (1965), the court, in interpreting the pertinent provisions of the California Insurance Code, noted at 446:

> The requirements of physical contact . . . are intended to prevent frauds, not to lessen the coverage ex-

tended to innocent motorists. We believe the physical contact requirement, designed to prevent false claims, should not be extended to defeat recovery in cases where fraud clearly does not exist.

Accordingly, we hold that, under the stipulated facts, there was "physical contact" between the hit-and-run vehicle and respondent's vehicle within the meaning of that term in her policy of insurance. The decision of the trial court is affirmed.

WEAVER, ROSELLINI, and HAMILTON, JJ., and LANGENBACH, J. Pro Tem., concur.