BASCH *v.* SECRETARY OF STATE

1. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—CONSTRUCTION.

The Motor Vehicle Accident Claims Act, although remedial in nature, is in derogation of the common law and, therefore, must be strictly construed (PA 1965, No 198; PA 1965, No 389; PA 1968, No 223).

2. AUTOMOBILES—MOTOR VEHICLE ACCIDENT CLAIMS ACT—"PHANTOM DRIVER"—NECESSARY JOINDER.

The Motor Vehicle Claims Act allows the Secretary of State to be sued alone or as a codefendant where the plaintiff has suffered personal injuries or death and the identity of the motor vehicle causing the injury and of the driver and owner of the vehicle cannot be established (MCLA §§ 257.1107, 257.1112).

REFERENCE FOR POINTS IN HEADNOTES
[1, 2]  7 Am Jur 2d, Automobile Insurance § 135 *et seq.*

Appeal from Wayne, James L. Ryan, J. Submitted Division 1 June 11, 1970, at Detroit. (Docket No. 7809.) Decided February 16, 1971.

Complaint by Gerald Basch against the Secretary of State for damages under the Motor Vehicle Accident Claims Act. Defendant's motion for accelerated judgment denied. Defendant appeals by leave granted. Affirmed.

*Garan, Lucow & Miller* (by *Richard L. Lehman*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Joseph B. Bilitzke,* Assistant Attorney General, and *Alan Walt,* Special Assistant Attorney General, for defendant.

Before: DANHOF, P. J., and V. J. BRENNAN and J. J. KELLEY, JR.,* JJ.

DANHOF, J. This appeal involves the interpretation of § 7(3) and § 12 of PA 1965, No 198 as amended by PA 1965, No 389 (MCLA §§ 257.1107, 257.1112 [Stat Ann 1968 Rev §§ 9.2807, 9.2812]), known as the Motor Vehicle Accident Claims Act. An amendatory act, PA 1968, No 223, was adopted after the commencement of the present case and does not affect our decision herein. We note, however, that § 12 as last amended in 1968 now requires, as a condition precedent to actions filed thereunder, physical contact by the unidentified vehicle with the plaintiff or with a vehicle occupied by the plaintiff. Therefore, the instant suit could not now be brought under § 12.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On February 12, 1967, plaintiff was struck by a car driven by Patrick H. Corbett while plaintiff was about to get into the driver's seat of his car. Allegedly, Corbett's car was forced into the plaintiff's by an unidentified motorist who negligently changed lanes.

The plaintiff obtained a $10,000 out-of-court settlement from Corbett's insurer and released Corbett and the insurance company from further liability. Ten thousand dollars was the maximum coverage under Corbett's insurance policy.

On May 3, 1968, the plaintiff commenced this action under § 12 of the Motor Vehicle Accident Claims Act against the Secretary of State, director of the motor vehicle accident claims fund, as the sole defendant. Section 12 then provided:

"Where the death of or personal injury to any person is occasioned in this state by a motor vehicle but the identity of the motor vehicle and of the driver and owner thereof cannot be established, any person who would have a cause of action against the owner or driver in respect to the death or personal injury may bring an action against the secretary, either alone or as a codefendant with others alleged to be responsible for the death or personal injury."

The secretary filed a motion for accelerated judgment of dismissal because the plaintiff had failed to join Corbett as a codefendant as required by § 7(3). Section 7 provided:

"(1) Subject to section 8, where a person recovers in any court in this state a judgment for damages on account of injury to or the death of any person or property damage occasioned in this state by an uninsured motor vehicle owned or operated by the judgment debtor within this state, upon the determination of all proceedings, including appeals, he

may make application, in the form prescribed by the secretary and the secretary shall pay the amount of the judgment or of the unsatisfied portion thereof, subject to the limitations provided in this act with respect to death or personal injury and the amount of the judgment or of the unsatisfied portion thereof, in excess of $200.00, with respect to property damage out of the fund.

\*          \*          \*

"(3) The secretary shall not pay out of the fund any amount in respect of a judgment unless the judgment was given in an action brought against all persons against whom the applicant might reasonably be considered as having a cause of action in respect of the damages in question and prosecuted against every such person to judgment or dismissal."

The circuit court denied the secretary's motion and held that the provision of joinder in § 7(3) had no bearing upon this case because § 7 was limited to uninsured motorists whereas § 12 pertains to unidentified motorists like the "phantom driver" in this case. The secretary requested leave to appeal to this Court and his request was granted. The plaintiff has not filed a brief in this Court.

Initially, the secretary argues that while the Motor Vehicle Accident Claims Act is remedial in nature it is in derogation of the common law and must be strictly construed. We agree. *Holland* v. *Eaton* (1964), 373 Mich 34, 39; *In the Matter of Portman, Petitioner* (1962), 33 Misc 2d 385 (225 NYS2d 560); 7 ALR3d 822, § 3, p 825.

The secretary then argues that § 12 creates a cause of action but that it has nothing to do with joinder which he claims is covered exclusively by § 7(3). If we adopted the secretary's position, then a plaintiff under § 12 would have to join all persons against whom he might reasonably be considered as having

a cause of action in respect of the damages in question in order to be paid from the fund.  This may be desirable public policy and it may even be what the legislature meant to say, but we hold that it is not what the legislature did say.  While the legislature amended § 12 in 1968 to require physical contact, it left unchanged that part of § 12 which allows the secretary to be sued *either alone* or as a codefendant.  Thus, we cannot accept the theory advanced by the defendant.

Affirmed, no costs, a public question being involved.

All concurred.