Sarah **LATHAM**, et vir, et al., Appellants,

v.

**MOUNTAIN STATES MUTUAL CASUALTY COMPANY, Appellee.**

No. 15892.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 30, 1972.

Rehearing Denied July 13, 1972.

---

3. See also O'Connor v. O'Connor, 337 S.W. 2d 829 (Tex.Civ.App.—Texarkana 1960, no writ); O'Connor v. O'Connor (5th Cir. 1963), 315 F.2d 420.

Green & Richardson, Texas City, John D. Richardson, Texas City, of counsel, for appellants.

James R. Roos, Houston, Painter & Painter, Houston, of counsel, for appellee.

COLEMAN, Justice.

This is an appeal from a summary judgment granted in a suit for damages brought under the uninsured motorist provisions of an insurance policy. The decisive question on this appeal concerns the proper interpretation of the "hit-and-run automobile" coverage included in the uninsured motorist provisions of the policy.

The plaintiffs in the trial court, Sarah Latham and Nora Carter, alleged that while their car was stopped in a line of traffic in obedience to the command of a police officer, a car immediately behind them was struck from the rear by a pick-up truck and propelled into their automobile. As a result of this collision they suffered personal injuries. The pick-up truck left the scene of the accident, and neither the driver nor the owner of the truck can be identified.

They allege that the pick-up truck was a hit-and-run vehicle which negligently caused bodily injury to the plaintiffs; that such injuries arose out of physical contact (at least indirectly) of such pick-up truck with plaintiffs' vehicle; and that they are covered by Latham's automobile insurance policy.

Part IV of this policy, designated "Family Protection Coverage," provides that the company will pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury. It provides that the term "uninsured automobile" means a "hit and run automo-

bile." The paragraph of particular concern reads:

" 'hit and run automobile' means an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occuping at the time of the accident provided (a) there cannot be ascertained the identity of either the operator or the owner of such hit and run automobile; (b) the insured or someone on his behalf shall have reported an accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable and setting forth the facts in support thereof; and (c) at the company's request the insured or his legal representative makes available for inspection the automobile which the insured was occupying at the time of the accident."

The insurance company plead the quoted provisions of the policy and that the plaintiffs' failure to comply therewith was a bar to plaintiffs' recovery. By an amended petition the plaintiffs admitted their failure to file with the company the required statement under oath, and alleged that it had been waived by the company and that the company was estopped to assert such failure as a defense to the suit.

Appellee made no attempt to negative waiver and estoppel by summary judgment evidence. It is contended that the plaintiffs' petition establishes that there was no physical contact between the car occupied by the plaintiffs and the one alleged to be a hit-and-run car, and that the requirement of a sworn statement is a part of the definition of "hit-and-run automobile," which cannot be waived by the company, and

which the company cannot be estopped to assert in defense of the suit.

■ The question of what constitutes "physical contact" of one automobile with another appears to be one of first impression in this state. The cases from other states in which the exact question has been presented hold that indirect contact satisfies the policy requirement. Where a car A strikes car B and propels it into car C, there is physical contact between Car A and Car C within the meaning of such a provision. We agree with this interpretation. Johnson v. State Farm Mutual Automobile Ins. Co., 70 Wash.2d 587, 424 P.2d 648 (1967); State Farm Mutual Auto. Ins. Co. v. Spinola, 374 F.2d 873 (Ct. of Appeals, 5th Cir. 1967); M. V. A. I. Corp. v. Eisenberg, 18 N.Y.2d 1, 271 N.Y.S.2d 641, 218 N.E.2d 524 (1966); Inter-Insurance Exchange of Automobile Club v. Lopez, 238 Cal.App.2d 441, 47 Cal.Rptr. 834 (1965); Page v. Insurance Company of North America, 256 Cal.App.2d 374, 64 Cal.Rptr. 89 (C.A., 2d Dist., 1967); Anno. 25 A.L.R. 3d 1299.

■ Although included within the paragraph giving the meaning of the term "hit-and-run automobile," the language of (b) and (c) is not that of a definition. These requirements are conditions precedent to the liability of the company. The effect of the language following the word "provided" in this paragraph "is to limit the scope of the language to which it relates and except something therefrom which, but for such proviso, would be included therein." New Amsterdam Casualty Co. v. Hamblen, 144 Tex. 306, 190 S.W.2d 56 (1945); Continental Casualty Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762 (1953).

■ As a general rule the failure of the insured to comply with the conditions of a policy requiring notice will relieve the company of liability. However such policy provisions are for the benefit of the insurance company and may be waived by it. Walters v. Century Lloyds Insurance Co., 154 Tex.

30, 273 S.W.2d 66 (1954); Womack v. Allstate Insurance Co., 156 Tex. 467, 296 S.W.2d 233 (1957); United States Fidelity & Guaranty Co. v. Bimco Iron & Metal Corporation, 464 S.W.2d 353 (Tex.1971).

By requirement (b) of Part IV the insured must file a sworn statement with the company stating that he has a cause of action for damages arising from an accident, which had been previously reported to the police, against an unknown person and "setting forth the facts in support thereof."

Condition 3 of the policy requires the insured, "in the event of an accident, occurrence or loss," to give the company written notice of same including the time, place, and circumstances thereof, "as soon as practicable."

Condition 9 requires the insured to furnish to the company as soon as practicable written proof of claim including the nature and extent of the injuries, treatment, and other details entering into the determination of the amount payable.

Condition 6 contains a provision that no action shall lie against the company under Part IV unless, as a condition precedent thereto, there shall have been full compliance with all the terms of the policy.

Conditions 3 and 9 require notice of the occurrence on which a claim against the company might be based, and a formal proof of loss. The effect of Requirement (b) of Part IV, in view of the fact that the policy covers loss due to physical injury which the insured is legally entitled to recover as damages from the owner or operator of a hit-and-run automobile, is to require the insured to give the company notice of his claim for damages within 31 days after the accident.

Condition 6 makes compliance with this notice provision a condition precedent to the right of the insured to institute suit against the company on such a claim.

Art. 5546, Vernon's Ann.Civ.St., provides:

"(a) No stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable. Any such stipulation fixing the time within which such notice shall be given at a less period than ninety (90) days shall be void, . . ."

In Citizens' Guaranty State Bank of Hutchins v. National Surety Co., 258 S.W. 468 (Tex.Com.App.1924), the court said:

"The company contends that the bond in this case requires, as a condition precedent to suit, merely a notice 'of any loss in respect of which liability of the company is claimed,' and that this is less than notice of a 'claim,' or cause of action, for damages. It may be; but if the force of the statute is to be avoided by requiring notice, not of the cause of action itself, but of necessary and component parts of the cause of action, its purpose can be too readily defeated. For instance, instead of using in a provision the exact words of the law, 'notice * * * of * * * claim for damages,' a surety company, assuming contractual liabilities and duties, might reach exactly the same result by stipulating either for 'notice of defalcation' on the one hand, or for 'notice of damage' on the other. Neither element would constitute the entire cause of action, but requiring notice of either would be as effective a limitation as requiring notice of the whole cause of action. The spirit of the statute is a liberal public policy, and excludes an evasion of that nature, however unconscious on the part of the company, and regardless of questions of expediency in a particular line of business. It does not permit a tendency to relaxation, but demands strict obedience."

The statement required by Part IV (b) amounts to a requirement that the insured give notice to the company that he asserts

a cause of action against the company. The information which the insured must include in the statement relates solely to the facts necessary to establish the liability of the company under the policy. The fact that the notice required is contained in the part of the policy defining "hit-and-run automobile" is of no special significance. It is a stipulation in a contract requiring notice to be given of a claim for damages as a condition precedent to the right to sue thereon fixing the time for such notice at a less period than ninety (90) days. This stipulation is void. Francis v. International Travelers' Ass'n, 260 S.W. 938 (Tex. Civ.App.), affirmed International Travelers' Ass'n v. Francis, 119 Tex. 1, 23 S.W.2d 282 (1930); American Surety Co. of New York v. Blaine, 115 Tex. 147, 277 S.W. 619 (1925); Austin v. Aetna Casualty & Surety Co., 300 S.W. 638 (Tex.Com.App. 1927); Western Indemnity Co. v. Free and Accepted Masons of Texas, 268 S.W. 728 (Tex.Com.App.1925); Bankers' Reserve Life Co. v. Springer, 81 S.W.2d 756 (Tex. Civ.App.—El Paso 1935, writ ref.).

 The summary judgment cannot be sustained on the ground that pleadings of appellants are insufficient in that the part of the pleadings of appellants relating to the pick-up truck were stricken as a result of the action of the court in sustaining appellee's special exception. Appellants present a point of error complaining of this action. The point is sustained. The special exception was a "speaking demurrer" supported by an affidavit. It did not point out with particularity the defect, or other insufficiency in the plaintiffs' petition as required by Rule 91, Texas Rules of Civil Procedure, but attacked the pleading for the reason that there could be no cause of action under the "hit-and-run" provisions of the policy because of the failure to file the notice affidavit required by Part IV (b). The facts alleged in the exception required proof. This point was properly raised by the Motion for Summary Judgment, but not by the exception. Friedman v. Cohen, 404 S.W.2d 372 (Tex.App.—Houston, 1st Dist,

1966); Harold v. Houston Yacht Club, 380 S.W.2d 184 (Tex.Civ.App.—Houston, 1st Dist., 1964).

Appellee failed to show that it was entitled to judgment as a matter of law. The summary judgment was improperly granted.

Reversed and remanded.