Matter of Gavryliuk v Motor Veh. Acc. Indem. Corp. (2025 NY Slip Op 51821(U))

[*1]

Matter of Gavryliuk v Motor Veh. Acc. Indem. Corp.

2025 NY Slip Op 51821(U)

Decided on November 19, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 19, 2025
Supreme Court, Kings County

In the Matter of the Application of Iurii Gavryliuk, Petitioner, For leave to commence an action pursuant to Section 5218 of the Insurance Law,

against
The Motor Vehicle Accident Indemnification Corporation, Respondent.

Index No. 516850/2025

Yuriy Prakhin, P.C., Brooklyn (Yuriy Prakhin of counsel), for Petitioner.
Law Office of Jaime E. Gangemi, Brooklyn (Sheila Ahmed of counsel), for Respondent.

Aaron D. Maslow, J.

The following numbered papers were used on this special proceeding: NYSCEF Document Nos. 1- Petition, submitted by Petitioner; 3- Attorney Affirmation, submitted by Petitioner; 4- Exhibit A: Plaintiff's Household Affidavit, submitted by Petitioner; 8- Exhibit B: Notice of Intention to Make Claim, submitted by Petitioner; 9- Order to Show Cause, filed by Court; 10- Affidavit of Service on MVAIC, submitted by Petitioner; 1- Affidavit of Service on MVAIC, submitted by Petitioner; 15- Affirmation in Opposition, submitted by Respondent, 16- Exhibit A: Prehospital Care Report, submitted by Respondent.
Background
Petitioner seeks permission to commence an action pursuant to Insurance Law § 5218 against Respondent Motor Vehicle Accident Indemnification Corporation, a not-for-profit organization, that compensates victims of motor vehicle accidents involving uninsured vehicles.
On October 20, 2022, an unidentified motorist allegedly struck pedestrian Petitioner Iurii Gavryliuk in a hit-and-run incident at the intersection of West 6th Street and Sheepshead Bay Road in Kings County. Petitioner alleges that he sustained several injuries as a result of the incident, including: comminuted and displaced fracture of the distal right tibial metadiaphysis; [*2]comminuted and displaced fracture of the proximal right fibular diaphysis; striking nerve pain; strain/sprain; loss of weight-bearing ability; swelling; tenderness; traumatic early onset of arthritic condition; and need for future injections and/or surgery (see NY St Cts Elec Filing [NYSCEF] Doc No. 3 at 1-2). At the time of the incident, and presently, Petitioner did not own a motor vehicle, was not listed as an insured person on any automobile insurance policy, and did not share a household with an insured motor vehicle owner (see NYSCEF Doc No. 4).
In opposition, Respondent argues that Petitioner did not meet their prima facie burden to show proof of physical contact pursuant to Insurance Law § 5217 to commence an action for compensation in this Court. Respondent asserts that Petitioner's medical records submitted from the date of the incident (see NYSCEF Doc No. 16) do not contain any mention of motor vehicle contact and, therefore, Petitioner fails to show the physical contact required under Insurance Law § 5217 to commence an action in this Court.

Discussion
Insurance Law § 5218 provides that an individual having a cause of action in a hit-and-run incident may commence an action pursuant to the following procedure:
(a) Any qualified person having a cause of action for death or personal injury arising out of the ownership, maintenance or use of a motor vehicle in this state, when the identity of the motor vehicle and of the operator and owner cannot be ascertained or it is established that the motor vehicle was at the time of the accident, in the possession of a person without the owner's consent and that the identity of such person cannot be ascertained may, upon notice to the corporation, apply to a court for an order permitting an action therefor against the corporation in that court.
(b) The court may proceed upon the application in a summary manner and may make an order permitting the action when after a hearing it is satisfied that:
(1) the applicant has complied with the requirements of section five thousand two hundred eight of this article;
(2) the applicant is a qualified person;
(3) the injured or deceased person was not at the time of the accident operating an uninsured motor vehicle or operating a motor vehicle in violation of an order of suspension or revocation;
(4) the applicant has a cause of action against the operator or owner of the motor vehicle;
(5) all reasonable efforts have been made to ascertain the identity of the motor vehicle and of the owner and operator and either the identity of the motor vehicle and the owner and operator cannot be established, or the identity of the operator, who was operating the motor vehicle without the owner's consent, cannot be established; and
(6) the application is not made by or on behalf of an insurer or surety under circumstances described in paragraph six of subsection (a) of section five thousand two hundred eleven of this article.
Pursuant to Insurance Law § 5217 (emphasis added), "The protection provided by this article shall not apply to any cause of action by a qualified person arising out of a motor vehicle accident occurring in this state against a person whose identity is unascertainable, unless the bodily injury to the qualified person arose out of physical contact of the motor vehicle causing [*3]the injury with the qualified person or with a motor vehicle which the qualified person was occupying (meaning in or upon or entering into or alighting from) at the time of the accident."
In support of their petition, Petitioner provided a sworn, notarized notice of intention to make claim statement asserting that Petitioner is an uninsured individual, struck and injured by an unascertainable vehicle: "I was crossing the street when a vehicle came out of nowhere and struck me. Driver left the scene." (NYSCEF Doc No. 8.) Respondent disputes this petition, asserting that the absence of a reference to physical contact with a motor vehicle in the Prehospital Care Report Summary is dispositive of the claim (see NYSCEF Doc No. 15).
Respondent argues this lack of a mention of physical contact with a motor vehicle in the Prehospital Care Report Summary is "fatal" to Petitioner's request to commence an action, citing Matter of Portman v Motor Veh. Acc. Indem. Corp. (33 Misc 2d 385 [Sup Ct, Kings County 1962]). However, the case law cited by Respondent in support of this position is over sixty years old and ignores more recent precedent wherein courts have granted leave to commence such actions against the Motor Vehicle Accident Indemnification Corporation, provided a petitioner sufficiently pleads the statutory requirements necessary to bring such an action under Insurance Law §§ 5217 and 5218. These courts allow issues of fact "to be resolved in the plenary action" (Matter of Pena v Motor Veh. Acc. Indem. Corp., 99 AD3d 475, 475 [1st Dept 2012]; see also Luna v Motor Veh. Acc. Indem. Corp., 230 AD3d 1033 [1st Dept 2024] [finding that a Prehospital Care Report alone is not proper grounds to deny a petition, particularly when it is contradicted by a petitioner's statements in their petition and affidavits, among other documents]).
Petitioner filed a sworn, notarized notice of intention to make claim with Respondent, asserting that he is an uninsured individual, struck and injured by an unascertainable vehicle. Under Insurance Law §§ 5217 and 5218, Petitioner has sufficiently pleaded the requirements to commence an action against Respondent. The disparity between Petitioner's statement and Respondent's interpretation of the Prehospital Care Report Summary is an issue of fact, and not sufficiently conclusive to merit denying Petitioner leave to commence an action. This Court finds Petitioner has shown sufficient cause for leave to commence an action as a qualified person pursuant to Insurance Law § 5218 against Respondent Motor Vehicle Accident Indemnification Corporation.

Conclusion
Accordingly, it is hereby ORDERED and ADJUDGED that Petitioner Iurii Gavryliuk's petition for leave to commence an action pursuant to § 5218 of the Insurance Law is GRANTED.
E N T E R
HON. AARON D. MASLOW
Justice of the Supreme Court of the State of New York