Janice Sue **MILTON**, Appellant,

v.

**PREFERRED RISK INSURANCE COMPANY et al.,** Appellees.

No. 1004.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 12, 1974.

Rehearing Denied July 3, 1974.

Dale Harvill, James R. Spradlin, Houston, for appellant.

E. J. Wohlt, Jr., Foster, Wohlt, Lueders & Hope, Houston, for Preferred Risk Ins. Co.

Gerald P. Coley, Vinson, Elkins, Searls, Connally & Smith, for American Economy Ins. Co.

Tom Lorance, Houston, for Allstate Ins. Co.

TUNKS, Chief Justice.

This is a suit to recover benefits under the uninsured motorist provisions of two automobile insurance policies. The question presented is at what point in time must the insured forward suit papers concerning a claim against an uninsured motorist, if the negligent party was insured at the time of the accident, but subsequently became "uninsured," as that term is legally defined.

On January 18, 1969, the appellant, Janice Sue Milton, was a passenger in a car driven by Iris Simonis and owned by Helen Bastin. This vehicle was involved in a collision with a car driven by Cathy Ann Lewis. The Lewis car was covered by an automobile liability policy issued by Allstate Insurance Company. The Bastin vehicle was covered by a policy issued by appellee, Preferred Risk Insurance Company, and Miss Milton had insurance on her personal automobile issued by appellee, American Economy Insurance Company. Both of the latter two policies contain uninsured motorist provisions, and the appellant was an insured under both policies.

On March 2, 1970, Mrs. Simonis and the injured passengers in the car, other than Janice Sue Milton, filed suit against James L. Lewis, the owner of the Lewis vehicle. That suit was settled by a compromise agreement with Allstate in May of 1972. On July 14, 1970, the appellant, acting through an attorney different from the one representing her on appeal, filed suit against James Lamar Lewis, "individually and as next friend of CATHY ANN LEWIS, a minor." At this point the appellant was under the misconception that Cathy Lewis was the daughter, rather than the wife, of Mr. Lewis. Service was not attempted on Mr. Lewis until October 6, 1970, and it was returned unexecuted. Service on Mr. Lewis was finally executed on April 15, 1971. On January 27, 1972, the petition was amended so as to properly name Cathy Lewis as defendant. The appellant also named Preferred Risk as defendant in this pleading, seeking recovery under the uninsured motorist clause of the policy issued by it. On May 17, 1972, American Economy was named as a defendant in another amendment. Cathy Lewis was served on March 14, 1972, and default judgment was entered against her on April 10, 1972.

The evidence supports the conclusion that the appellant did not have reason to suspect that Cathy Lewis was an uninsured motorist until January of 1972. Apparently, she had attained the uninsured status as a result of Allstate's denial of coverage because of non-cooperation. On January 13 her attorney notified Preferred Risk of the possibility that she might have a claim under the uninsured motorist provisions of the policy. On January 31 American Economy was similarly notified. Suit papers were forwarded to Preferred Risk, by means of service of the amended petition, on March 23, 1972, and American Economy was similarly served on April 3, 1972.

The case was tried before a jury, and a take-nothing judgment was entered against the appellant in accordance with the jury's verdict. In answer to special issues, the jury found the following: The negligence of Cathy Lewis proximately caused the injuries of the appellant. The appellant's damages were about $14,000. Allstate had denied coverage. Cathy Lewis was an uninsured motorist. The appellant had given written notice of the accident in question to Preferred Risk and American Economy as soon as practicable. The appellant failed to forward suit papers to Preferred

Risk or American Economy immediately after she realized she had a claim under the uninsured motorist coverage.

The judgment in favor of the defendants was based upon the last finding. The appellant contends in this appeal that as a matter of law suit papers were timely forwarded to the insurance companies, as required by the policies. She also contends that any delay was reasonable under the circumstances.

■■■ One is an uninsured motorist in Texas, under standard insurance contracts, when (1) his insurer becomes insolvent or denies liability, (2) he is a hit-and-run driver, (3) he has less coverage than the legally required minimum, or (4) he has no insurance. Johnson, Proving Motorist Uninsured, 35 Tex.B.J. 337 (1972). The burden of proving that the offending motorist falls into one of the above categories is upon the insured. Since this is a negative burden, proof that all reasonable efforts to ascertain whether the negligent party is insured have been fruitless will suffice. State Farm Mutual Automobile Ins. Co. v. Matlock, 462 S.W.2d 277 (Tex.Sup. 1970). The deposition of an agent of Allstate, which was taken on August 6, 1973, was introduced into evidence. This agent stated that Allstate did deny coverage on the basis of noncompliance with the cooperation condition in the Lewis policy and on the basis that Cathy Lewis had not forwarded the suit papers immediately after she was served with citation. Apparently, however, the appellant had reason to suspect that Allstate would deny coverage much earlier, in January of 1972, when notices were sent to Preferred Risk and American Economy of the possibility that Allstate would so deny coverage. The evidence in this case supports the conclusion that Cathy Lewis became an uninsured motorist because of the denial of liability by Allstate.

■■■ All of the conditions precedent of an insurance policy must be strictly complied with before the insurer will be liable. Klein v. Century Lloyds, 154 Tex. 160, 275 S.W.2d 95 (1955). Each of the policies in question contained the following provision under the "conditions" section:

> Notice: In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable. . . . If claim is made or suit is brought against the insured, he shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

> If, before the company makes payment of loss under Part IV [uninsured motorist coverage] the insured or his legal representative shall institute any legal action for bodily injury against any person or organization legally responsible for the use of an automobile involved in the accident, a copy of the summons and complaint or other process served in connection with such legal action shall be forwarded immediately to the company by the insured or his legal representative.

In Lopez v. Royal Indemnity Co., 496 S. W.2d 942 (Tex.Civ.App.—San Antonio 1973, no writ), it was held that, under the above provision, the required notice of the accident need not be given to the insurer until the insured has a reasonable basis for belief that the offending motorist is or has become uninsured. In this case the trial court applied the same rule to the condition requiring that suit papers be forwarded immediately. The jury was asked if appellant's suit papers were sent to the defendant insurers immediately after she discovered that she had a claim under the uninsured motorist provisions of the policies issued by the defendant insurers. The evi-

dence sustains the jury's negative answer to those inquiries. There were no issues submitted as to whether the defendant insurers suffered injury because of the appellant's failure to forward her suit papers immediately to them. There was no objection to the charge because of the absence of such issues. The evidence would sustain a finding that they did suffer such injury. If the suffering of such injury were an element of their defense it will be deemed to have been found by the trial judge in support of his judgment. Texas Rules of Civil Procedure, 279. Thus, under the construction of the policy most favorable to the appellant, the trial court's judgment for the defendant insurers is correct.

 It should be noted that in Texas, contrary to most other states, the insurer has no right as a matter of law to defend the uninsured motorist, should the insured fail to join it. *See* Allstate Insurance Company v. Hunt, 469 S.W.2d 151 (Tex. Sup.1971). This could conceivably result in two suits—the first to establish the liability of the uninsured motorist, and the second to collect uninsured motorist benefits from the insurer. Apparently, the action against the insurer under such a situation would be in the nature of a full trial of the issues, unless the insurer has consented to be bound by the holding in the case against the uninsured motorist. In Hunt the Supreme Court said, at page 153,

> Initially the company can protect itself from default judgments against the uninsured motorist and from insubstantial defense of the uninsured motorist by withholding its consent to the suit between its insured motorist and the uninsured motorist.

It therefore follows that the requirement that the insured forward suit papers to the insurer, only when there exists a reason to believe the defendant is an uninsured motorist, is not as onerous to the insurer as it would be in jurisdictions where the insurer is bound by the decision in the action against the uninsured motorist.

The express terms of the policy provide for "immediate" forwarding of suit papers. Of course, the parties could not have meant "instantaneously," so it can only be inferred that it was intended that suit papers be forwarded with as much dispatch as is reasonably possible. This sometimes presents a fact question to be determined by the trier of fact.

In the present case, the evidence is sufficient to support the jury's finding that the appellant failed to forward suit papers to the insurance companies immediately upon realizing she had an uninsured motorist claim. Notice was given in January of the possibility of the existence of uninsured motorist status. At this same time the insurance companies should have been furnished copies of all suit papers, in order to allow them to begin investigations to protect their interests.

Affirmed.