**Ronald L. GOEN and Cynthia Goen, Individually and As Next Friend for Clinton Goen, Appellants,**

v.

**TRINITY UNIVERSAL INSURANCE COMPANY OF KANSAS, INC., Appellee.**

No. 9484.

Court of Appeals of Texas, Texarkana.

July 15, 1986.

Jerry Pratt, Jr., Law Offices of Harold W. Nix, Daingerfield, for appellants.

J. Patrick Kelley, Ireland, Carroll & Kelley, Tyler, for appellee.

BLEIL, Justice.

Ronald and Cynthia Goen appeal from a summary judgment granted to Trinity Universal Insurance Co., asserting that the trial court improperly granted judgment. We reverse and remand for trial.

This case involves an automobile insurance policy. On December 13, 1983, Cynthia Goen was stopped in her car at the intersection of 4th and Peques Streets in Longview, headed south on 4th Street. She was in the inside lane, behind a white car at a red light. At the same time, Linda Morgan was in the northbound outside lane on the same street. When the light turned green, the white car turned left onto Peques Street directly in front of Morgan's car, causing Morgan to turn sharply to the left to avoid a collision. This evasive action caused Morgan's car to travel into Goen's lane and strike Goen's car. Neither Morgan nor Goen struck the white car, which remains unidentified.

The Goens sued Morgan and Trinity, their insurance carrier. Morgan settled with the Goens, leaving the suit to proceed against Trinity. The Goens asserted two grounds of recovery, based on different clauses in the insurance policy: the uninsured motorist clause and the personal injury protection provision.

On July 18, 1985, Trinity moved for summary judgment, arguing that the undisputed facts negate Goen's claim of recovery under the uninsured motorist clause. It maintains that the uninsured motorist clause did not apply because there was no contact between the insured car and the unidentified white car. The Goens' policy provides uninsured motorist coverage to them in the event of injury to their person or damage to their property when they are hit by a vehicle operated by an unidentified person. Trinity asserts that since the unidentified car did not hit Goen's car, the uninsured motorist clause does not apply. The trial court agreed.

The Goens contend that the uninsured motorist clause applied under the theory of "indirect contact" as set out in *Latham v. Mountain States Mutual Casualty Co.*, 482 S.W.2d 655 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.). In *Latham* the court found that where car A hits car B, which then hits car C, car A can be said to have indirectly hit car C. The "indirect contact" rule does not apply here because the uninsured car did not hit any car.

The Goens argue that the uninsured motorist laws are remedial in nature and should be interpreted liberally, citing *Home Indemnity Company v. Tyler*, 522 S.W.2d 594 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.); *Hamaker v. American States Insurance Co. of Texas*, 493 S.W.2d 893 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). They argue that both public policy and legislative intent support extending uninsured motorist protection to instances like this, in which an unknown vehicle operator causes injury or damage, although that vehicle does not actually strike another vehicle. Without addressing the soundness of this argument, we conclude that it is not supported by public policy or legislative intent. Tex.Ins.

Code Ann. art. 5.06–1 (Vernon 1981) prescribes that automobile liability insurance policies provide uninsured motorist coverage. In directing the State Board of Insurance concerning the content of the insurance policy provisions, Tex.Ins.Code Ann. art. 5.06–1(2)(d) (Vernon 1981) requires that:

> The forms promulgated under the authority of this section shall require that in order for the insured to recover under the uninsured motorist coverages where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, *actual physical contact must have occurred* between the motor vehicle owned or operated by such unknown person and the person or property of the insured. (Emphasis added.)

In this statute the Legislature clearly articulated its intent that the uninsured motorist protection not apply when an unknown person causes damage or injury to the insured, unless there is physical contact with the unknown person's vehicle. Absent such contact, the uninsured motorist provision does not apply.

Trinity's motion for summary judgment was based on the pleadings, Cynthia Goen's deposition and answers to interrogatories. The summary judgment was sought and apparently granted only on the basis of the inapplicability of the uninsured motorist clause. The documents on which the summary judgment was based fail to show that Trinity was entitled to judgment on the whole case as a matter of law because the Goens also sought to recover under the personal injury protection provision of the policy.

In summary judgment cases, the movant has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1975). Furthermore, summary judgment on the pleadings is available only when the pleader has alleged facts that affirmatively negate his cause of action or show that there is an insurmountable obstacle to recovery. *Swilley v. Hughes,* 488 S.W.2d 64 (Tex. 1972); 4 W. Dorsaneo, *Texas Litigation Guide* § 101.102 (1986). Trinity correctly concedes that it did not negate the Goens' cause of action under the personal injury protection provision of the policy; therefore, the case could not be fully adjudicated. *Whiddon v. Metni,* 650 S.W.2d 904 (Tex.App.—Dallas 1983, writ ref'd n.r.e.); *Smith v. Muckleroy Enterprises,* 537 S.W.2d 104 (Tex.Civ.App.—Tyler 1976, no writ).

Although Trinity was entitled to summary judgment on the uninsured motorist provision in the policy, it failed to negate the Goens' cause of action under the personal injury protection provision. Therefore, the trial court erred in granting summary judgment on the entire case.

The judgment is reversed and the cause is remanded to the trial court.