Josefina GUZMAN, Appellant,

v.

ALLSTATE INSURANCE COMPANY, Appellee.

No. 11-90-180-CV.

Court of Appeals of Texas, Eastland.

Jan. 10, 1991.

Abner Burnett, Warren Burnett, Inc., Odessa, for appellant.

Roger L. Glandon, Glandon, Erwin, Scarborough, Baker & Choate, William A. Hicks, Frank R. Stamey, McMahon, Smart, Surovik, Suttle, Buhrmann & Cobb, Abilene, for appellee.

## OPINION

McCLOUD, Chief Justice.

This case involves the hit-and-run provision of the uninsured motorist clause in an automobile insurance policy.

Josefina Guzman was a passenger in an automobile insured by Allstate Insurance Company which was being driven by Pablo R. Landin, III. Guzman was injured when Landin lost control of the automobile. She sued Allstate under the uninsured motorist provision of the insurance policy. The trial court granted Allstate's motion for summary judgment. Guzman appeals. We affirm.

At about 1:20 a.m., while driving on a two-lane road, Landin was blinded by the bright lights of an approaching vehicle. When he realized that the vehicle was in his lane, Landin turned to the right in order to avoid a head-on collision. Landin lost control of the automobile, and it slid into a post. The other vehicle did not stop, and the driver was not identified. There was no physical contact between Landin's automobile and the unidentified vehicle.

The issue is whether Allstate conclusively established that the hit-and-run vehicle was not an "Uninsured Motor Vehicle" under the policy.

The insurance policy provides:

"Uninsured Motor Vehicle" means a land motor vehicle ...

(2) Which is a *hit and run* vehicle whose operator or owner cannot be identified and which *hits:*

(c) Your covered auto. (Emphasis added)

██ Guzman first argues that the word "hits" in the policy is ambiguous, contending that Allstate cannot rely upon the cases involving policies providing that there must be "physical contact" between the hit-and-run vehicle and the insured vehicle. See Annot., 25 A.L.R.3d 1299 (1969). We disagree.

In *Goen v. Trinity Universal Insurance Company of Kansas, Inc.,* 715 S.W.2d 124 (Tex.App.—Texarkana 1986, no writ), the court noted that the policy provided uninsured motorist coverage if the insured was "hit" by a vehicle operated by an unidentified person. Although not discussing the difference between "hit" and "physical contact," the court clearly held that the word "hit" means "physical contact." The court stated that, absent such contact, the uninsured motorist provision does not apply. The court said:

Tex.Ins.Code Ann. art. 5.06–1 (Vernon 1981) prescribes that automobile liability insurance policies provide uninsured motorist coverage. In directing the State Board of Insurance concerning the content of the insurance policy provisions, Tex.Ins.Code Ann. art. 5.06–1(2)(d) (Vernon 1981) requires that:

> The forms promulgated under the authority of this section shall require that in order for the insured to recover under the uninsured motorist coverage where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, *actual physical contact must have occurred* between the motor vehicle owned or operated by such unknown person and the person or property of the insured. (Emphasis in original)

In this statute the Legislature clearly articulated its intent that the uninsured motorist protection not apply when an unknown person causes damage or injury to the insured, unless there is physical contact with the unknown person's vehicle.

The insurance policy in *Bonis v. Commercial Union Insurance Co.*, 482 So.2d 1017 (La.Ct.App. [3rd Cir.] 1986), contained language similar to the policy under consideration. Emphasizing the word "hits" in the opinion, the court held:

> Therefore, the terms of the insurance policy excluded from coverage an accident such as the one which is the subject of this suit in which there was no physical contact between the "hit and run" vehicle and the insured vehicle.

The court in *Miller v. United States Fidelity & Guaranty Insurance Company*, 112 Idaho 955, 738 P.2d 425 (App.), *pet'n denied*, 113 Idaho 328, 743 P.2d 557 (1987), expressly held that the word "hit" in an insurance policy requires "physical contact." See also *Harrison v. Commercial Union Insurance Company*, 471 So.2d 922 (La.Ct.App. [2nd Cir.] 1985).

"Hit" is defined in WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY 863 (2d ed. 1983) as "to come against, usually with force; strike; as, the car *hit* the tree." (Emphasis in original) "Contact" is defined as "the act of touching or meeting." WEBSTER'S NEW TWENTIETH CENTURY DICTIONARY 393 (2d ed. 1983). The word "hits" in the policy is susceptible to only one reasonable construction. See *Puckett v. U.S. Fire Insurance Co.*, 678 S.W.2d 936 (Tex.1984). We hold that "hits," as used in the policy, means "physical contact." See TEX.INS. CODE ANN. art. 5.06–1(2)(d) (Vernon 1981). The word is not ambiguous. See also *Young v. State Farm Mutual Automobile Insurance Company*, 711 S.W.2d 262 (Tex.App.—El Paso 1986, writ ref'd n.r.e.); *Beacon National Insurance Company v. Fenwick*, 557 S.W.2d 379 (Tex.Civ. App.—Eastland 1977, writ dism'd); *Phelps v. Twin City Fire Insurance Company*, 476 S.W.2d 419 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.).

■ Guzman also argues that the unknown vehicle "hit" the covered automobile, within the terms of the policy, when the bright lights impaired Landin's visibility. She contends there was a "photogenic, molecular interaction from the offending vehicle and the insured's vehicle which caused the accident."

When confronted with the argument urged by Guzman, the California Court in *Krych v. Mercury Casualty Company*, 16 Cal.App.3d 875, 94 Cal.Rptr. 592 ([4th Dist.] 1971), said:

> [W]e think it clear that the words "physical contact" were not intended to describe the reception by a vehicle or by an occupant of a vehicle of light emitted, projected or diffused from the headlights of another vehicle, but to describe a meeting of three-dimensional masses of material having weight, density and bulk, with dimensions perceptible to the normal naked eye.

Holding contrary to Guzman's contention, the Idaho Court in *Miller v. United States Fidelity & Guaranty Insurance Company*, supra, held:

> Neither is there physical contact, as contemplated by the insurance policy, where the transmitted "contact" is nothing

more than a molecular interaction such as sound or light energy.

The "indirect contact" rule discussed in *Latham v. Mountain States Mutual Casualty Company*, 482 S.W.2d 655 (Tex.Civ. App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.), is inapplicable. There, the court found that if Car A hits Car B, propelling Car B into Car C, then Car A can be said to have indirectly hit Car C. As pointed out in *Goen*, the "indirect contact" rule does not apply if the unidentified car does not hit any car.

In the instant case, there was no physical contact with the unknown person's vehicle. The uninsured motorist provision does not apply.

The judgment of the trial court is affirmed.