Tommie **WILLIAMS**, Appellant,

v.

**ALLSTATE INSURANCE COMPANY**, Appellee.

No. 09–92–047 CV.

Court of Appeals of Texas, Beaumont.

Feb. 25, 1993.

Robert Grossheim, Dryden, Grossheim & Sutton, Beaumont, for appellant.

Gordon R. Pate, Christy Amuny, Pate & Dodson, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

**OPINION**

WALKER, Chief Justice.

This appeal arises from an incident which occurred in Orange County on April 19, 1991. In the suit below, plaintiff Tommy Williams alleges that he sustained injuries as a result of an accident resulting from plaintiff's vehicle coming in contact with a piece of steel which plaintiff contends fell from an unidentified truck. Appellant brought his lawsuit claiming that he was entitled to recover damages under the uninsured motorist provision of his motorist insurance policy.

Appellee, Allstate Insurance Company, filed its Motion for Summary Judgment based on the ground that there was no actual physical contact between the plaintiff's vehicle and the unidentified uninsured vehicle, as is required by law. Allstate contends that since there was no actual physical contact, it was entitled to a summary judgment as a matter of law. On November 1, 1991, the 60th District Court of Jefferson County, Texas, granted Allstate's Motion for Summary Judgment on the grounds that because there was no actual physical contact, there was no genuine issue of material fact.

Appellant Williams brings two points of error for review by this Court. Point of error one contends that the trial court erred in granting defendant's Motion for Summary Judgment for the reason that it is contrary to the overwhelming and greater weight and preponderance of the evidence adduced and there is no evidence to support same. Point of error two contends that the trial court erred in granting defendant's Motion for Summary Judgment for the reason that it is contrary to both law and fact. We shall consider both points of error together.

The accident made the basis of appellant's original lawsuit occurred on Interstate 10, between Beaumont, Texas and

Vidor, Texas. Appellant testified by deposition that he was traveling on Interstate 10 from Beaumont, Texas toward Vidor, Texas. It was raining at the time of the accident. Appellant testified that a truck cut in front of him and exited off Interstate 10. Appellant stated that the truck exited the Interstate and turned into a steel plant. Appellant further testified that when the truck pulled in front of him, several pieces of iron fell out of the back of the truck. Plaintiff's vehicle struck a piece of this iron. He lost control of his car and pulled over to the side of the Interstate. Appellant testified that the vehicle he was driving did not, at any time, make contact with the truck which was, for our purposes, the uninsured vehicle.

Following the appellant's deposition, Allstate filed its Motion for Summary Judgment. The trial court granted Allstate's motion thereby entering judgment in favor of appellee, Allstate.

We set forth TEX.INS.CODE ANN. art. 5.06–1(2)(d) (Vernon 1981) amended, in that same is controlling:

> The forms promulgated under the authority of this section shall include provisions that, regardless of the number of persons insured, policies or bonds applicable, vehicles involved, or claims made, the total aggregate limit of liability to any one person who sustains bodily injury or property damage as the result of any one occurrence shall not exceed the limit of liability for these coverages as stated in the policy and the total aggregate limit of liability to all claimants, if more than one, shall not exceed the total limit of liability per occurrence as stated in the policy; and shall provide for the exclusion of the recovery of damages for bodily injury or property damage or both resulting from the intentional acts of the insured. *The forms promulgated under the authority of this section shall require that in order for the insured to recover under the uninsured motorist coverages where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured.* (emphasis ours)

Act of May 6, 1977, 65th Leg., ch. 182, 1977 Tex.Gen.Laws 370, amended by Acts 1991, 72nd Leg., ch. 242, § 2.08, 1991 Tex.Gen.Laws 957.

Texas appellate courts have consistently held that actual physical contact is a necessary requirement in order to recover uninsured motorists benefits.

■ Appellant's contention is that there was an "uninterrupted chain of physical events" set in motion by the operator of the uninsured vehicle which resulted in injuries to the plaintiff. Appellant contends that this "uninterrupted chain of physical events" is sufficient to justify the requirements of Article 5.06–1 and to create a valid cause of action. In support of this contention appellant relies on *State Farm Mutual Automobile Ins. Co. v. Matlock*, 446 S.W.2d 81 (Tex.Civ.App.—Texarkana 1969) modified, 462 S.W.2d 277 (Tex.1970). *Matlock* did involve a situation where there was no actual physical contact. *Matlock* was decided in 1969, approximately 8 years before Section (2) paragraph (d) was added to Article 5.06–1 by the Legislature. Article 5.06–1 was amended in 1977 to include the actual physical contact requirement which this Court views as a statutory repeal of the uninterrupted chain of events theory of action set forth in *Matlock*.

Appellant further suggests that the actual physical contact requirement was extended by the indirect contact rule to encompass situations such as the one before us, citing *Latham v. Mountain States Mutual Casualty Co.*, 482 S.W.2d 655 (Tex. Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.). Appellant's position is that since appellant hit a piece of iron in the road, which had allegedly fallen off a truck, that appellant had indirectly made physical contact with the truck itself. This indirect contact rule was set forth in the *Latham* decision to fit the particular facts and circumstances of that case. In *Latham*, vehicle A struck vehicle B thereby propelling vehicle B into vehicle C. The Houston Court held that such indirect con-

tact satisfies the actual physical contact requirement. Obviously the facts in the instant case do not fit the specific circumstances of *Latham.*

*Latham* was decided in 1972, and since that time Texas courts have had occasion to interpret this indirect contact rule, and have chosen not to extend the indirect contact rule beyond that which was originally set out in *Latham.* In *Goen v. Trinity Universal Ins. Co.,* 715 S.W.2d 124 (Tex. App.—Texarkana 1986, no writ), the trial court granted Trinity a summary judgment on grounds that there was no actual physical contact and thus the uninsured motorist provision did not apply. Goen stopped at an intersection behind a white car and both were headed south. Morgan also stopped at the intersection, but was across the intersection headed north. When the light turned green, the white car turned left in front of Morgan, causing Morgan's car to travel into Goen's lane and strike Goen's car. Neither Morgan nor Goen came into contact with the white car, which was unidentified. The Goens sued their insurance carrier to collect benefits under the uninsured motorist provision of their policy. The Goens argued that the uninsured motorist clause applied under a theory of "indirect contact" as set out in *Latham.* The Texarkana Court held that the 'indirect contact' rule does not apply here because the uninsured car did not hit any car. *Id.* at 125. That court further stated that in Article 5.06–1(2)(d) "the Legislature clearly articulated its intent that the uninsured motorist protection not apply when an unknown person causes damage or injury to the insured, unless there is physical contact with the unknown person's vehicle. Absent such contact, the uninsured motorist provision does not apply." *Id.* at 126. For further review of the indirect contract rule, *see Guzman v. Allstate Ins. Co.,* 802 S.W.2d 877 (Tex.App.—Eastland 1991, no writ).

It is uncontroverted, in our case, that there was no actual physical contact between the plaintiff's vehicle and the unidentified, uninsured vehicle. At no time did the appellant's car ever hit or make contact with the truck in front of him. We must assume that our Legislature recognized the potential unfairness of the actual physical contact requirement when it amended Article 5.06–1 to include Section (2) paragraph (d).

▮ Therefore, the present state of the law following the enactment of § 5.06–1(2)(d) is this: For an insured to recover from, through or under uninsured motorist insurance coverage, the insured must show that his/her injury or property damage resulted from actual, direct physical contact with the uninsured vehicle or that such uninsured vehicle created an uninterrupted chain of physical events between another motor vehicle/vehicles which ultimately resulted in the insured's injury or property damage.

The thrust of Article 5.06–1(2)(d) and case interpretation presently requires that the injury or damage complained of must result from direct or indirect contact with a potentially insurable motorized vehicle.

Obviously, we can hypothetically create many scenarios where Article 5.06–1(2)(d), as presently applied, may result in unfairness to the conscientious insured who pays the price for protection against those who fail or refuse to pay such price. We are compelled however, to assume that our State Legislature recognized the potential unfairness which may result from the adoption or enactment of Article 5.06–1(2)(d), especially in those cases similar to that presently before us, where injury or damage resulted from the possible per se negligence of an uninsured motorist who failed to properly secure a load.

We choose not to liberally tamper with the present state of the law in this regard and leave such to those who may be more inclined.

Having considered Article 5.06–1(2)(d) along with case law interpretation we hold that the trial court's granting of Allstate's Motion for Summary Judgment under the facts of this case was a proper rendition and such judgment is hereby affirmed.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. Since this is a summary judgment case, the majority is holding there are no genuine issues of material fact to be presented to a jury and Allstate is entitled to judgment as a matter of law. However, the majority espouses both an actual physical contact requirement under the statute and an indirect contact rule under case law. While they are undoubtedly correct under the strict actual physical contact analysis; if they still recognize the indirect contact rule[1], there is, at least, a fact question as to whether there was indirect contact.

I am inclined to take the majority's invitation "to liberally tamper with the present state of the law" and go even further by holding the facts of the present case meet the indirect contact rule as a matter of law. The load obviously had physical contact with the uninsured vehicle. The load then had contact with appellant's vehicle. This satisfies the indirect contact rule. Had the load dropped from the uninsured truck and appellant swerved to avoid the load, thus avoiding contact, then those facts would be more akin to *Goen v. Trinity Universal Ins. Co.*, 715 S.W.2d 124 (Tex.App.—Texarkana 1986, no writ) and arguably the indirect contact rule would not apply. However, in that event, there would still be a fact issue for the jury.

I would reverse the summary judgment and remand for a trial on the merits. I dissent to the affirmance.

---

**1.** They are, of course, free to adopt only the strict physical contact rule and not follow the rule of *Latham v. Mountain States Mutual Casualty Co.*, 482 S.W.2d 655 (Tex.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.); yet they choose not to do so.