Wesley MAYER, Appellant,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.

No. 01-93-00323-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 6, 1994.

Rehearing Overruled Feb. 24, 1994.

---

Weir, Appell & Travis, William R. Travis, Abilene, for appellant.

Michael Phillips, Patricia L. Brooks, Phillips & Akers, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

WILSON, Justice.

Appellant, Wesley Mayer, appeals the entry of summary judgment. Appellant sought to recover from appellee, State Farm, under his uninsured motorist coverage for an accident caused by a hit and run auto that did not have direct physical contact with appellant's motorcycle. Appellant argues in three points of error the court incorrectly granted summary judgment because: 1) it was not necessary for appellant to prove actual physical contact between himself and the unidentified vehicle; 2) the rule of indirect contact applies in this case, satisfying the policy requirement of "hitting"; and 3) the rule requiring actual physical contact is unfair and contrary to the purposes of the statute mandating uninsured motorist insurance coverage. We affirm.

Appellant, riding a Honda motorcycle, was traveling north on Highway 227 in the right hand lane. A pickup truck, traveling rapidly in the same direction as appellant, was in the left-hand lane. The pickup truck began to pass the motorcycle, but as the rear bumper of the truck was parallel with the front wheel of the motorcycle, the truck began to move into the right lane occupied by appellant so that the truck could exit onto another highway via an exit ramp. To avoid a collision with the truck, appellant drove the motorcycle onto the gravel shoulder of the highway, where appellant lost control. The motorcycle began to flip over, eventually hitting a roadside object. The accident injured the appellant and damaged his cycle.

The driver of the truck did not stop and cannot be identified. Two witnesses saw the accident, but could not help in locating the driver. The accident was reported, and immediately investigated by the City of Clute police. The hit-and-run truck did not make physical contact with the motorcycle.

At the time of the accident, appellant had insurance with State Farm. This coverage included a covenant to pay damages caused by an uninsured motor vehicle. The policy defines "uninsured motor vehicle" to include a hit-and-run vehicle whose owner cannot be identified, and "hits" the insured or a vehicle the insured is operating. The language of this policy does not mirror the language of the insurance code discussing uninsured or underinsured motorist coverage, which provides in part:

> The portion of a policy form adopted under Article 5.06 of this code to provide coverage under this article shall require that in order for the insured to recover under the uninsured motorist coverages where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, *actual physical contact must have occurred* between the motor vehicle owned or operated by such unknown person and the person or property of the insured.

TEX.INS.CODE ANN. art. 5.06–1(2)(d) (Vernon Supp.1993) (emphasis added).

Based on the policy language and the agreed facts submitted by the parties, the court entered summary judgment for appellee.

Under TEX.R.CIV.P. 166a(c), a summary judgment is proper only when a movant establishes that there is no genuine issue of material fact, and that he is entitled to judgment as a matter of law. When a defendant moves for summary judgment, he must prove that the summary judgment proof establishes as a matter of law that there is no genuine issue of material fact as to one or more of the essential elements of the plaintiff's cause of action. *Gibbs v. General Motors,* 450 S.W.2d 827, 828 (Tex.1970); *Goldberg v. U.S. Shoe Corp.,* 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied).

The facts of this case are undisputed. There was no actual physical contact between the vehicles involved in the accident. Appellee's motion for summary judgment argues simply that physical contact is a policy requirement and, because it is undisputed that there was no physical contact, summary judgment should be granted. The sole issue

for our review is whether physical contact is required for recovery under this insurance policy.

■ Appellant's first point of error states it is not necessary to prove actual physical contact between the vehicles in order to recover. Appellant acknowledges that the insurance code mandates "actual physical contact" to have occurred for recovery under uninsured motorist protection, but argues that if the insurer uses less restrictive language than the insurance code, the language of the policy should govern.

The Eastland Court of Appeals faced similar policy language in *Guzman v. Allstate Insurance Company,* 802 S.W.2d 877 (Tex. App.—Eastland 1991, no writ). The Eastland court held that "hits," as used in the policy before them, meant "physical contact" as used in the insurance code. *Id.* at 879; *see also Goen v. Trinity Universal Ins. Co. of Kansas,* 715 S.W.2d 124, 126 (Tex.App.— Texarkana 1986, no writ); *Collier v. Employers Nat'l Ins. Co.,* 861 S.W.2d 286, 290 (Tex. App.—Houston [14th Dist.] 1993, writ requested).

We agree that physical contact is required under the policy language as well as under the insurance code. We find no meaningful distinction between the language of the policy, which says "hits," and the language of the statute, which requires "physical contact." We overrule appellant's first point of error.

Because we hold that the language of the policy should be given the same meaning as the provisions in the insurance code, we do not address appellant's argument that the "hits" language is satisfied when the unidentified driver sets in motion an uninterrupted chain of physical events.[1]

■ Appellant, in his second point of error, urges us to reject the *Guzman* and *Goen* decisions, and instead apply the rule of indirect contact as espoused in *Latham v. Mountain States Mutual Casualty Company,* 482 S.W.2d 655, 657 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.). In *Latham,* the

indirect contact that was held to satisfy the physical contact requirement of the uninsured motorist policy involved car A, the hit-and-run car, hitting car B, which in turn hit car C, the insured. *Id.* at 656. However, other courts of appeals have rejected extending the application of *Latham* beyond the facts of that case, and held that the rule is inapplicable when an unidentified vehicle does not hit any car. *See Williams v. Allstate Ins. Co.,* 849 S.W.2d 859, 861 (Tex. App.—Beaumont 1993, no writ); *Guzman,* 802 S.W.2d at 880; *Goen,* 715 S.W.2d at 125 (the indirect contact rule does not apply when the unidentified car does not hit any car).

We hold the indirect contact rule does not apply in this case. We agree with the courts in *Williams, Goen,* and *Guzman* that the indirect contact rule applies only when the unidentified vehicle hits some vehicle. Absent such contact, the rule does not apply. We overrule appellant's second point of error.

■ Finally, appellant argues in his third point of error that requiring actual physical contact between appellant and the hit-and-run driver is unfair and contrary to the purposes of the statutes mandating uninsured motorist protection. However, as the Beaumont court recognized in *Williams,* "We must assume that our Legislature recognized the potential unfairness of the actual physical contact requirement when it amended article 5.06–1 to include Section (2) paragraph (d)." *Williams,* 849 S.W.2d at 861. The legislature apparently chose to balance any injustice the "actual physical contact" requirement creates against the perceived potential for fraudulent claims that would arise absent such a restriction. We overrule appellant's third point of error.

Finding the trial court's summary judgment proper, we affirm.

---

1. This argument is made in reliance on *State Farm Mutual Automobile Insurance Company v. Matlock,* 446 S.W.2d 81, 86 (Tex.Civ.App.—Texarkana 1969), *rev'd in part,* 462 S.W.2d 277 (Tex.

1970). *Matlock* was decided prior to the legislative amendment adding the requirement of "actual physical contact" to the insurance code.