**TEXAS FARMERS INSURANCE COMPANY, Appellant,**

v.

**Roxana DEVILLE, Individually and as Next Friend of Christopher A. Schwerdtfeger, II, Appellee.**

No. 01–96–01399–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Feb. 18, 1999.

Wayne Adams, Diane M. Guariglia, Houston, for Appellant.

Richard Schechter, Houston, for Appellee.

Panel consists of Justices COHEN, O'CONNOR, and WILSON.

## OPINION

DAVIE L. WILSON, Justice.

The issue in this appeal is the proper construction of the "actual physical contact" rule in an uninsured motorist insurance policy provision. Appellant Texas Farmers Insurance Company appeals a summary judgment rendered against it. We reverse and render a take-nothing judgment.

### Facts

The parties stipulated to the following in the trial court: (1) On May 21, 1993, Roxana Deville and Christopher A. Schwerdtfeger, II, were passengers in a car driven and owned by decedent, Christopher A. Schwerdtfeger; (2) the decedent had a personal auto insurance policy through Farmers; (3) the decedent was driving behind a red truck when a water pump fell from the bed of the truck, bounced on the roadway, struck the decedent in the head, and continued out through the rear window of the decedent's car; (4) only the water pump struck the decedent's vehicle; (5) the decedent suffered severe head injuries and died as a result of the accident; (6) Deville and Christopher Schwerdtfeger, II, suffered injuries and damages of at least $20,000 each; (7) the negligence of the unidentified driver of the red truck proximately caused the injuries and damages sustained by the decedent, Deville, and Christopher Schwerdtfeger, II; (8) the driver and owner of the red truck was never identified; and (9) the Farmers' insurance policy provides coverage for Deville and Christopher Schwerdtfeger, II's damages if the red truck qualifies as an "uninsured motor vehicle" under the policy or by law.

Deville filed an uninsured motorist insurance claim with Farmers on the decedent's policy. Farmers denied coverage based on the uninsured motorist provisions of the policy because there was no physical contact between the decedent's car and the red truck. Deville, both individually and as next friend of Christopher Schwerdtfeger, II, sued Farmers for (1) violations of the Decep-

tive Trade Practices–Consumer Protection Act, Insurance Code article 21.21, and Texas Department of Insurance regulations, (2) breach of contract, (3) negligence, (4) gross negligence, and (5) bad faith. *See* Tex. Bus. & Com.Code Ann. §§ 17.41–.63 (Vernon 1987 & Supp.1999); Tex. Ins.Code Ann. art. 21.21 (Vernon 1981 & Supp.1999); 28 Tex. Admin. Code §§ 21.1–205 (1998).

Both parties moved for summary judgment. In its motion, Farmers contended it was entitled to judgment as a matter of law because the policy's uninsured motorist provisions only covered accidents in which there is actual physical contact between the cars. In her motion, Deville contended (1) Farmers stipulated that it was unable to meet its contractually assigned burden of proof that the red car was not an uninsured motor vehicle and (2) contact with the water pump was sufficient to invoke coverage. The trial court granted Deville's motion, denied Farmers' motion, and rendered summary judgment in favor of Deville. Farmers brings two points of error.

### Standard of Review

When both parties move for summary judgment, the trial court considers all of the evidence accompanying both motions. *Commissioners Court v. Agan,* 940 S.W.2d 77, 81 (Tex.1997). When the trial court grants one motion and denies the other, we can review the propriety of both orders. *Holmes v. Morales,* 924 S.W.2d 920, 922 (Tex.1996). In such a review, we will determine all questions presented and may reverse the trial court's judgment and render such judgment as the trial court should have rendered. *Agan,* 940 S.W.2d at 81.

On appeal, we cannot consider any ground for reversal that was not expressly presented to the trial court by written motion, answer, or other response to the motion for summary judgment. Tex.R. Civ. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 675–77 (Tex.1979). We will affirm the summary judgment if the motion for summary judgment includes any valid grounds for rendering summary judgment and the movant preserved those grounds for

appellate review. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 626 (Tex.1996).

### Uninsured Motor Vehicle Coverage

■ In point of error one, Farmers complains the trial court erred in denying its motion for summary judgment and in granting Deville's motion for summary judgment due to the actual-physical-contact rule. The relevant provision of the Farmers' personal auto insurance policy are:

"**Uninsured Motor Vehicle**" means a land motor vehicle or **trailer** of any type,

1. To which no bodily injury liability bond or policy applies at the time of the accident, [or] [1]

2. Which is a hit and run vehicle whose operator or owner cannot be identified and which hits:

a. you or any **family member;**

b. a vehicle which you or any **family member** are **occupying;** or

c. **your covered auto.**

3. To which a liability bond or policy applies at the time of the accident but the bonding or insuring company:

a. denies coverage; or

b. is or becomes insolvent.

4. Which is an underinsured motor vehicle. An underinsured motor vehicle is one to which a liability bond or policy applies but its limit of liability:

a. is less than the limit of liability for this coverage; or

b. has been reduced by payment of claims to an amount less than the limit of liability for this coverage.

(Emphasis original).

Deville contends the summary judgment was correct based on the first definition of "uninsured motor vehicle" because: (1) the policy provided that if the parties disagreed "as to whether or not a vehicle is actually uninsured, the burden of proof as to that issue shall be on [Farmers]" (*accord* Tex. Ins.Code Ann. art. 5.06—1(7) (Vernon 1981));

(2) Farmers stipulated it could not prove the unknown vehicle was insured; (3) thus, there is coverage because without proof to the contrary by Farmers, the unknown vehicle must be presumed to be "actually uninsured."

We believe definition one does not apply to cases involving unknown vehicles. Both the policy and the statute provide specific coverage requirements for unknown vehicles. That occurs only in the second definition, which defines an uninsured vehicle as "a hit and run vehicle *whose operator or owner cannot be identified* and which hits" the insured. (Emphasis added). This policy language is meant to comply with the following statutory requirement:

The portion of the policy form adopted under Article 5.06 of this code to provide coverage under this article *shall require that in order for the insured to recover under the uninsured motorist coverages where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown,* actual physical contact must have occurred between the motor vehicle owned or operated *by such unknown person* and the person or property of the insured.

Tex. Ins.Code Ann. art. 5.06—1(2)(d) (Vernon Supp.1999). Because the statute and the second policy definition both provide specific coverage requirements for unknown vehicles, we conclude that only the second definition applies to unknown vehicles. Thus, the summary judgment cannot be upheld based on the first definition.

### Was There "Actual Physical Contact" with the Unknown Vehicle?

■ Farmers contends there was no actual physical contact between the decedent's vehicle and the red truck. We reluctantly agree.

This Court has consistently held that both the language of the personal auto policy and the Insurance Code require actual physical contact before a party can recover under the

---

1. This word is not in the policy, but all parties agree that the four definitions are alternative ways of defining an "uninsured motor vehicle." Farmers' reply brief inserts the word "or" here.

*Accord Milton v. Preferred Risk Ins. Co.,* 511 S.W.2d 83, 85 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.).

uninsured motorist provision. *See Tuan Van Le v. Farmers Tex. County Mut. Ins. Co.,* 936 S.W.2d 317, 321–22 (Tex.App.—Houston [1st Dist.] 1996, writ denied); *Mayer v. State Farm Mut. Auto. Ins. Co.,* 870 S.W.2d 623, 625 (Tex.App.—Houston [1st Dist.] 1994, no writ). In 1972, we held an indirect contact can satisfy the physical-contact requirement of a uninsured motorist policy only if it meets the requirements set out in *Latham v. Mountain States Mutual Casualty Co.,* 482 S.W.2d 655, 657 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.). *Tuan Van Le,* 936 S.W.2d at 322; *Mayer,* 870 S.W.2d at 625. In *Latham,* a hit-and-run driver in car A hit car B, causing it to hit car C, which contained the insured. 482 S.W.2d at 656. We held such an indirect contact met the physical-contact requirement of the uninsured motorist policy. *Id.* at 657 (policy stated, " 'hit and automobile' means an automobile which causes bodily injury to an insured arising out of *physical contact* of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident." (emphasis added)).[2]

Other courts of appeals have held the indirect-contact rule does not apply when the unidentified vehicle does not hit any car. *See Republic Ins. Co. v. Stoker,* 867 S.W.2d 74, 77–78 (Tex.App.—El Paso 1993), *rev'd on other grounds,* 903 S.W.2d 338 (Tex.1995); *Guzman v. Allstate Ins. Co.,* 802 S.W.2d 877, 880 (Tex.App.—Eastland 1991, no writ); *Goen v. Trinity Universal Ins. Co.,* 715 S.W.2d 124, 125–26 (Tex.App.—Texarkana 1986, no writ).

In *Williams v. Allstate Insurance Co.,* the Beaumont Court of Appeals was faced with a similar fact pattern. 849 S.W.2d 859 (Tex. App.—Beaumont 1993, no writ). In *Williams,* several pieces of iron fell from the back of an unidentified truck. The plaintiff's car struck the iron, and the plaintiff lost control of the car and was injured. *Id.* at 860. The Beaumont Court reluctantly affirmed the trial court's take-nothing judgment:

[W]e can hypothetically create many scenarios where Article 5.06–1(2)(d), as presently applied, may result in unfairness to the conscientious insured who pays the price for protection against those who fail or refuse to pay such price. We are compelled however, to assume that our State Legislature recognized the potential unfairness which may result from the adoption or enactment of Article 5.06–1(2)(d), especially in those cases similar to that presently before us, where injury or damage resulted from the possible per se negligence of an uninsured motorist who failed to properly secure a load.

*Id.* at 861.

We sustain point of error one. Because of our disposition of this point, we do not reach Farmers' second point of error, which attacks the trial court's award of prejudgment interest.

### Conclusion

We reverse the judgment of the trial court and render judgment that Deville take nothing.

Justice COHEN concurring, joined by Justice WILSON.

MURRY B. COHEN, Justice, concurring.

I agree with Justice Wilson's reasoning and his result, but I would say more about the statutory requirement of "actual physical contact."

### I. Was the unknown vehicle a "hit and run" vehicle within definition 2?

Farmers says no because there was no "actual physical contact" between the unknown vehicle and the insured, as required by TEX. INS.CODE ANN. art. 5.06–1(2)(d) (Vernon Supp.1999). The policy does not use the term "actual physical contact" or "physical contact." It grants coverage if the unknown vehicle "hits" the insured. The policy language is therefore arguably more favorable to the insured than the statutory language, but this Court has repeatedly held that in

---

**2.** We decided *Latham* five years before the legislature amended the Insurance Code to require *actual* physical contact. Act of May 6, 1977,

65th Leg., R.S., ch. 182, § 1, art. 5.06—1(2)(d), 1977 Tex. Gen. Laws 370, 371 (TEX. INS.CODE ANN. art. 5.06—1(2)(d), since amended).

such a case, the policy language should be given the same meaning as the Insurance Code. *Le v. Farmers Tex. County Mut. Ins. Co.*, 936 S.W.2d 317, 322 (Tex.App.—Houston [1st Dist.] 1996, writ denied); *Mayer v. State Farm Mut. Auto. Ins. Co.*, 870 S.W.2d 623, 625 (Tex.App.—Houston [1st Dist.] 1994, no writ). Consequently, Deville had to prove there was "actual physical contact."

When the uninsured motorist statute was first enacted in 1967, it had no physical contact requirement. After several "phantom car" cases arose (one-car accidents allegedly caused by near misses with unknown vehicles), the legislature adopted a bright-line test to prevent fraudulent claims. The statute was amended and, effective August 29, 1977, provided:

> The forms promulgated under the authority of this section shall require that in order for the insured to recover under the uninsured motorist coverages where the owner or operator of any motor vehicle which causes bodily injury ... is unknown, *actual physical contact* must have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured.

Act of May 6, 1977, 65th Leg., R.S., ch. 182, § 1, art. 5.06—1(2)(d), 1977 Tex. Gen. Laws 370, 371 (Tex. Ins.Code Ann. art. 5.06—1(2)(d), since amended) (emphasis added). The 1977 amendment was intended to prevent fraudulent claims that unknown "phantom cars" had caused insureds to have a one-car accident. *Republic Ins. Co. v. Stoker*, 867 S.W.2d 74, 78 (Tex.App.—El Paso 1993), *rev'd on other grounds*, 903 S.W.2d 338 (Tex. 1995).

Deville relies on *Latham v. Mountain States Mutual Casualty Co.*, 482 S.W.2d 655 (Tex.Civ.App.—Houston [1st Dist.] 1972, writ ref'd n.r.e.), which held that coverage existed where the unknown car struck another car, knocking it into the insured's car, even though the unknown car never actually touched the insured's car. I consider *Latham* to be distinguishable in two respects. *Latham* interpreted an insurance contract that required "physical contact," not a statute. *Id.* at 657. That matters because a statute is entitled to more deference from us

than a mere insurance policy. Moreover, *Latham* predated the 1977 amendment that added the "*actual* physical contact" requirement. Thus, *Latham* is questionable authority for allowing recovery without "actual" physical contact. Although the facts in *Latham* have been discussed after 1977 as an exception to the requirement of "actual physical contact," that has generally occurred in cases that distinguished *Latham* and denied coverage, e.g., *Goen v. Trinity Universal Ins. Co.*, 715 S.W.2d 124, 125 (Tex.App.—Texarkana 1986, no writ).

Deville also relies on *Republic Insurance Co. v. Stoker*, 867 S.W.2d 74 (Tex.App.—El Paso 1993), *rev'd on other grounds*, 903 S.W.2d 338 (Tex.1995). The *Stoker* court held there was no coverage because there was not "even indirect physical contact" between the insured's car and furniture that had fallen from an unknown truck. *Id.* at 77–78. While *Stoker*'s discussion suggests that contact with the furniture could constitute contact between the vehicles, it is *dicta* in that regard because Stoker's car never struck the furniture.

Our legislature has written a clear statute, and we must enforce it by requiring "actual physical contact." Deville cites cases from many other states holding that indirect contact met their statutory requirement of "physical contact." None of them, however, found coverage where a statute or contract required "actual physical contact." The absence of the word "actual" was considered important by several courts that held for plaintiffs and stated that if the legislature or the insurer had wanted to limit coverage to actual physical contact, it should have done so. *Johnson v. State Farm Mut. Auto. Ins. Co.*, 70 Wash.2d 587, 424 P.2d 648, 650 (1967) ("Had appellant intended the provision to apply only where there is actual and immediate, as opposed to indirect, physical contact between the hit-and-run vehicle and the ... insured, it should have so provided in unmistakably clear language."). Other courts have relied on this language with approval, some while allowing recovery and some while denying it. *Anderson v. State Farm Mut. Auto. Ins. Co.*, 133 Ariz. 483, 652 P.2d 556, 558., *rev'd*, 652 P.2d 537 (Ariz.1982) (interme-

diate court denied recovery); *Allied Fidelity Ins. Co. v. Lamb*, 361 N.E.2d 174, 179 (Ind. Ct.App.1977) (disallowing recovery); *Barfield v. Insurance Co. of N. Am.*, 59 Tenn. App. 631, 443 S.W.2d 482, 486 (1968) (allowing recovery). In my opinion, the Texas Legislature used· unmistakably clear language in article 5.06–1(2)(d), more so than in any of the many cases appellant cites or that I have found. *See Illinois Nat'l Ins. Co. v. Palmer*, 116 Ill.App.3d 1067, 72 Ill.Dec. 454, 452 N.E.2d 707 (1983) (object propelled through window of insured vehicle); *Berry v. State Farm Mut. Auto. Ins. Co.*, 219 Mich. App. 340, 556 N.W.2d 207 (1996) (car collided with scrap metal that had fallen from trailer); *Hill v. Citizens Ins. Co. of Am.*, 157 Mich. App. 383, 403 N.W.2d 147, 152 (1986) (rock came through windshield as another car passed in opposite direction; held: "The overwhelming majority of jurisdictions hold that the 'physical contact' provision ... may be satisfied even though there is no direct contact between the disappearing vehicle and claimant or claimant's vehicle."); *Adams v. Zajac*, 110 Mich.App. 522, 313 N.W.2d 347, 349 (1981) (contact with tire left in road; held: "Whether the part is still attached or comes to rest after being detached from the vehicle makes little difference in principle...."); *Allstate Ins. Co. v. Killakey*, 78 N.Y.2d 325, 574 N.Y.S.2d 927, 580 N.E.2d 399 (1991); *see also Pham v. Allstate Ins. Co.*, 206 Cal.App.3d 1193, 254 Cal.Rptr. 152 (1988) (physical contact requirement satisfied where rock fell from unidentified dump truck and struck insured's windshield); *Hartford Accident & Indem. Co. v. LeJeune*, 114 Ill.2d 54, 101 Ill.Dec. 876, 499 N.E.2d 464 (1986); *Pinkney v. Progressive Specialty Ins. Co.*, 597 So.2d 1168 (La.Ct.App.1992) (physical contact occurred when log fell off unidentified truck and struck insured's vehicle); *Fore v. Traveler's Ins. Co.*, 528 So.2d 1091 (1988) (physical contact occurs where a load of debris is thrown from truck into insured's windshield); *Estate of Baxter v. Grange Mut. Cas. Co.*, 73 Ohio App.3d 512, 597 N.E.2d 1157 (1992) (physical contact where 3–foot piece of metal crashed through windshield and killed driver). *See generally* A.S. Klein, Annotation, *Uninsured Motorist Indorsement: Validity and Construction of Require-*

*ment that There be "Physical Contact" with Unidentified or Hit–and–Run Vehicle*, 25 A.L.R.3d 1299 (1969). These cases are highly persuasive to me, and they represent the great weight of authority. Nonetheless, I think they do not control this case because of our particular statutory language, which we impute into the policy. *Le*, 936 S.W.2d at 322; *Mayer*, 870 S.W.2d at 624.

But for our requirement of "actual" physical contact, I would hold as the courts above have held. Most of the majority's cases do not require a holding of no coverage because their facts are so different from this case. In all but one, the plaintiff had no contact at all—direct or indirect—with either the unknown vehicle or even with its lost load. *Le*, 936 S.W.2d at 318–19 (plaintiff hit by gunfire in drive-by shooting); *Mayer*, 870 S.W.2d at 624 (motorcycle swerved to avoid truck); *Guzman v. Allstate Ins. Co.*, 802 S.W.2d 877, 878 (Tex.App.—Eastland 1991, no writ) (driver blinded by oncoming lights); *Stoker*, 867 S.W.2d at 77–78 (furniture fell off truck, but plaintiff never hit it); *Goen*, 715 S.W.2d at 125 (hit-and-run vehicle struck neither of two cars that collided while avoiding him). However, *Williams v. Allstate*, 849 S.W.2d 859 (Tex.App.—Beaumont 1993, no writ), is not distinguishable. Based on *Williams* and on our apparently unique statute requiring "actual" physical contact, I agree that Deville cannot prevail under the second definition of "uninsured motor vehicle."

This is a harsh result. There is no question of fraud here. This claim is not fraudulent. Thus, the purpose of the statute, to prevent fraud, is not being served by applying it in this case. The *Williams* court recognized there would be such cases, and this is surely one. 849 S.W.2d at 861. It is the legislature's duty to make the law and our duty to interpret it. We cannot interpret a clear statute to mean the opposite of what it plainly says. Doing so would be seizing for ourselves power granted by our Constitution to the people's representatives.

The legislature's bright-line rule has the virtue of all bright-line rules—it is easy to apply and it serves the intended purpose. Unfortunately, it also has the weakness of all bright-line rules—it sweeps so broadly that it

creates harsh results that were probably not intended. I, for one, cannot believe the legislature intended in a case like this—where there is no actual physical contact but also no fraud—that a person who paid good money for this coverage should go uncompensated. Still, we cannot nullify the statute just because we consider it imperfect.

I respectfully recommend that the legislature consider amending article 5.06–1(2)(d) to delete the word "actual" and thus allow Texas courts, like those elsewhere, to find "physical contact" through indirect physical contact in cases where the facts show no fraud has occurred.