**Affirmed and Majority and Concurring Opinions filed May 14, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-18-00341-CV

**CHARLES FRANKS, Appellant**

**V.**

**LIBERTY COUNTY MUTUAL INSURANCE COMPANY, Appellee**

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2017-49231**

## MAJORITY OPINION

Appellant Charles Franks brings this appeal from the trial court's order granting appellee Liberty County Mutual Insurance Company's motion for summary judgment, signed March 26, 2018. For the reasons stated below, we affirm.

### BACKGROUND

Franks filed suit against Liberty in July 2017 seeking benefits under his car insurance policy. The petition alleged:

[A] collision that occurred on August 21, 2016, in Prairie View, Waller County, Texas. At the time of the collision, [Franks] was traveling west on U.S. Highway 290 Business in Prairie View, Waller County, Texas, in a safe, reasonable, and lawful manner. Suddenly, an unknown white vehicle traveling at a high rate of speed proceeded to pass [Franks] forcing [Franks] into the right lane and causing [Franks] vehicle to collide with a vehicle driven by [another]. [Franks] suffered injuries as a result of the actions of the unknown vehicle.

At the time of the collision, [Franks] vehicle and person were covered by an automobile insurance policy issued by [Liberty], which was in full force and effect. The insurance policy included uninsured/underinsured motorist coverage as defined within the policy and/or by statute.

Franks sought to obtain a Declaratory Judgment establishing the negligence and uninsured status of the unknown driver, thereby entitling Franks to recover damages from Liberty under the uninsured motorist provision ("UIM") in Franks' Liberty Mutual policy. *See* Tex. Ins. Code art. 5.06-1(5). Further, Franks brought claims for (1) breach of insurance contract; (2) breach of the duty of good faith and fair dealing; (3) deceptive trade practices; and (4) violations of the Texas Insurance Code. Franks also requested a declaratory judgment determining:

- The driver of the white vehicle was negligent and was an uninsured/underinsured motorist;
- The amount of damages Franks suffered and is legally entitled to recover from the driver of the white vehicle;
- Franks' damages are covered by his insurance policy and he is entitled to recover those damages from Liberty; and
- The amount of damages, attorneys' fees, interest and court costs that Liberty is obligated to pay.

In December 2017, Liberty filed a motion to sever and abate Franks' UIM claim, which was granted. Liberty filed a motion for summary judgment on February 5, 2018, on the basis that there is no UIM coverage applicable to Frank's claim. On

2

February 6, 2018, the trial court severed and abated Franks' contractual and extra-contractual claims into trial court Cause No. 2017-49231-A. The UIM claim remained in trial court Cause No. 2017-49231. In March 2018, the trial court granted summary judgment in trial court Cause No. 2017-49231. From that judgment, Franks brings this appeal.

## WHAT CLAIMS ARE BEFORE THIS COURT?

The first issue we must address is what claims were disposed of by the trial court's judgment. Franks contends the trial court erred in entering summary judgment on his contractual and extra-contractual claims when those claims had been severed and abated. Liberty responds that because the UIM claim was a necessary predicate to the severed claims, the trial court did not err.

Both parties mistake the effect of the severance order and the judgment entered. The trial court severed from trial court Cause No. 2017-49231 the contractual and extra-contractual causes of action against Liberty and transferred those claims into trial court Cause No. 2017-49231-A. In trial court Cause No. 2017-49231, the trial court then entered judgment dismissing the claims remaining in that suit. The only appeal before this court is from that judgment. Thus, the trial court's judgment did not, and could not have, disposed of Franks' contractual or extra-contractual claims. Accordingly, before this court is only Franks' suit to determine contractual liability.

We therefore overrule Franks' claim that the judgment in trial court Cause No. 2017-49231 is void because it dismissed his contractual or extra-contractual claims. Issue one is overruled.

3

Franks' second issue asserts the judgment was improper because it disposed of claims not challenged in Liberty's motion, which only raised the question of coverage. As stated above, the trial court could not grant summary judgment on Franks' contractual or extra-contractual claims as they were no longer pending in trial court Cause No. 2017-49231. Issue two is overruled.

## IS THERE COVERAGE?

The policy at issue in this case defines an uninsured motor vehicle as a land motor vehicle of any type:

> 1. To which no bodily injury liability bond or policy applies at the time of the accident.
>
> 2. To which a bodily injury liability bond or policy applies at the time of the accident. In this case its limit for bodily injury liability must be less than the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged.
>
> 3. Which is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:
>
> a. You or any "family member";
>
> b. A vehicle which you or any "family member" are "occupying"; or
>
> c. "Your covered auto".
>
> 4. To which a bodily injury liability bond or policy applies at the time of the accident but the bonding or insuring company:
>
> a. Denies coverage; or
>
> b. Is or becomes insolvent.

Relying upon subsection three, Liberty contends the UIM provision only provides coverage for accidents involving *unidentified* tortfeasors if there is actual, physical contact between the tortfeasor's vehicle and the insured's vehicle. Franks does not dispute there was no physical contact. Rather, Franks contends subsection

4

one provides coverage in this case because it also applies to "hit-and-run" vehicles. The question before us, therefore, is whether subsection one applies to *unknown* vehicles as well as known vehicles.

The Supreme Court of Texas has expressly held there must be actual physical contact between the insured's vehicle and the unidentified tortfeasor, as required by statute, to trigger the UIM coverage. *Nationwide Ins. Co. v. Elchehimi*, 249 S.W.3d 430, 432 (Tex. 2008). The statute in question is Tex. Ins. Code § 1952.104(3), which requires "for the insured to recover under the uninsured motorist coverage if the owner or operator of any motor vehicle that causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured." "The term 'actual physical contact' was added to the Insurance Code in 1977 to prevent fraudulent insurance claims against 'phantom cars' in single-car accidents." *Smith v. Nationwide Mut. Ins. Co.*, No. 04-02-00646-CV, 2003 WL 21391534, at *2 (Tex. App.—San Antonio June 18, 2003, pet. denied) (citing *Deville*, 988 S.W.2d at 333–34). In this case, the relevant policy language requiring that the vehicle "whose operator or owner cannot be identified . . . hit" the insured's vehicle is consistent with the statute.

Franks' argument that subsection one applies to *unknown* vehicles "whose operator or owner cannot be identified,", has previously been rejected by the First Court of Appeals in *Tex. Farmers Ins. Co. v. Deville*, 988 S.W.2d 331, 333–34 (Tex. App.—Houston [1st Dist.] 1999, no pet.). In *Deville*, the court held the specific coverage requirements for unknown vehicles in the statute and the policy controlled over the same definition of an uninsured motor vehicle that is at issue here — one "[t]o which no bodily injury liability bond or policy applies at the time of the accident." The unambiguous language of the policy provides coverage for a vehicle

5

that is uninsured. It then more specifically limits coverage for an *unknown* vehicle to actual physical contact between the insured's vehicle and the unidentified tortfeasor. *See Elchehimi*, 249 S.W.3d at 432; *Deville*, 988 S.W.2d at 333–34. For these reasons, issues three and four are overruled.

## CONCLUSION

Having overruled all of Franks' issues, we affirm the trial court's judgment.

/s/    Margaret "Meg" Poissant
Justice

Panel consists of Justices Christopher, Hassan, and Poissant. (Poissant, J., concurring).